Henry D. Evans and The Devereux Foundation, Appellants *v.* Zoning Hearing Board of Easttown Township, Appellee.

104

Argued September 28, 1978, before Judges CRUM-LISH, JR., DISALLE and MACPHAIL, sitting as a panel of three.

*Douglas D. Royal,* with him *Reese A. Davis,* and *Greenwell, Porter, Smaltz & Royal,* for appellants.

*John S. Halsted,* with him *Kevin Holleran,* and *Gawthrop & Greenwood,* for appellee.

OPINION BY JUDGE CRUMLISH, JR., January 24, 1979:

This appeal is by The Devereux Foundation (Foundation) and Henry D. Evans (Evans) from an order of the Court of Common Pleas dated August 4, 1977, which affirmed the Zoning Hearing Board of Easttown Township's (Board) denial of a request for a continuance of a non-conforming use and denial of an application for a special exception and/or variance from the Easttown Township Zoning Ordinance of 1939.

The subject property is located at 208 Old Lancaster Road, Devon, Chester County, Pennsylvania, in a district zoned "R-1" Residential. Under Section 401 of the Easttown Township Zoning Ordinance permissible uses in R-1 districts include certain residential, religious, educational, recreational and farm uses. General office use is not permitted in an R-1 district. The Foundation is the legal titleholder of the subject tract and has entered into a conditional sales agreement with Evans, the equitable titleholder.

In 1923 the property in question was purchased by Helen T. Devereux for use by the Foundation, a nonprofit, non-public educational institution providing residential treatment for the retarded and emotionally disturbed. Since that time it has been used as a residence for Ms. Devereux and for various support activities of the Foundation which include dormitory, infirmary, commissary and office use. Such use by the Foundation is permissible as a non-conforming use since it predated enactment of the Township's ordinance.

Should Evans be granted the relief requested, he would purchase the property after which he proposes

to use part as his residence and to lease the remainder to one or more tenants for use as commercial office space.

Appellants' application to the Board sought granting of the proposed use based upon three alternative grounds for relief. They argue they are entitled to (1) a continuance of an existing non-conforming use; (2) a grant of a special exception in accordance with Section 1500(1)(a) of the zoning ordinance[1] and/or (3) a variance pursuant to Section 912 of the Pennsylvania Municipalities Planning Code, Act of July 31, 1968, P.L. 805, *as amended,* 53 P.S. §10912. Board denied all three requests, the trial court affirmed, and this appeal followed.

Appellants' initial contention that the proposed use of the tract is a continuance of an existing non-conforming use rather than a new or changed use is without merit. In order for Appellants to be granted a continuance of an existing non-conforming use, it must be determined that the present use is an office use. However, a careful review of the record indicates the Board did not make an error of law in interpreting the present use as essentially an educational one.[2] Courts in this Commonwealth have long held that the term "educational" when used to define a permitted land use must be given its broadest interpretation. *See Gilden Appeal,* 406 Pa. 484, 178 A.2d 562 (1962),

---

[1] A special exception is not an exception to a zoning ordinance but a use which is permitted unless under the particular circumstances such use would adversely affect the community. *Brunner v. The Zoning Hearing Board of Upper Makefield Township,* 12 Pa. Commonwealth Ct. 109, 315 A.2d 359 (1974).

[2] Where, as here, the court below took no additional testimony, our review is limited to the narrow issue of whether the Board committed a manifest abuse of discretion or an error of law. *Burgoon v. Zoning Hearing Board of Charlestown Township,* 2 Pa. Commonwealth Ct. 238, 277 A.2d 837 (1971).

and *School Lane Hills, Inc. v. East Hempfield Township Zoning Hearing Board,* 18 Pa. Commonwealth Ct. 519, 336 A.2d 901 (1975). In this particular instance, the overall general use which the Foundation makes of this property is to help achieve its objective of treating the mentally retarded and emotionally disturbed and, as such, can be categorized as an "educational" use despite the fact that the educational content of the use of the premises has only been nominal over the past 15 years.[3]

Appellants next contend that Board wrongfully denied their request for a special exception pursuant to Section 1500(1)(a) of the zoning ordinance.[4] The legislature, in providing for special exceptions in zoning ordinances, has determined that the impact of such a use of property[5] does not, of itself, adversely affect the public interest to any material extent in normal

---

[3] For example, part of the premises is used as the admissions office and is responsible for interviewing all prospective students and their parents. Another part of the same building consists of office space for the recreational rehabilitation program.

[4] Section 1500 . . .

    1. *Non-Conforming Uses:*

    . . . .

    a. A non-conforming use may be changed to another non-conforming use by Grant of Special Exception only upon determination by the Zoning Hearing Board after public hearing, that the proposed new use will be no more detrimental to the purposes to be achieved by this Ordinance and to the neighborhood and surroundings than is the use it is to replace. In determining relative detriment, the Zoning Hearing Board shall take into consideration, among other things: traffic generated; nuisance characteristics such as emission of noise, dust and smoke; fire hazards; and hours and manner of operation.

[5] Our focus in special exception cases is properly upon the *use* of land and not the nature of the owner or person making the use. *See Russian Orthodox Church Appeal,* 397 Pa. 126, 152 A.2d 489 (1959).

circumstances so that a special exception should not be denied unless it is proved that the impact upon the public interest is greater than that which might be expected in normal circumstances. *Zoning Hearing Board v. Konyk,* 5 Pa. Commonwealth Ct. 466, 290 A.2d 715 (1972).

It is well established that once the applicant for a special exception proves that the proposed use is one permitted by the zoning ordinance, he is entitled to a special exception unless the protestant proves that the requested use would constitute a detriment to public health, safety or welfare. *Borger v. Towamensing Township Zoning Board of Adjustment,* 39 Pa. Commonwealth Ct. 361, 395 A.2d 658 (1978); *Copeechan Fish and Game Club v. Zoning Hearing Board of North Whitehall Township,* 32 Pa. Commonwealth Ct. 415, 378 A.2d 1303 (1977).

A careful review of the record inescapably leads us to hold that the applicants met all of the terms and conditions required of them in their request for a special exception before the Board[6] and that the protestants have failed to establish that the proposed use under the special exception would adversely affect the health, safety or welfare of the community. The protestants have failed to present any proof of the specific adverse affects of applicants' requested use on property values or of its incompatibility with neighboring uses. With regard to any increase in traffic congestion, Evans testified that the proposed use would call for 35 to 40 cars on the average whereas approximately 60 cars per day presently use the premises; no on-street parking is anticipated by the new owner. Thus, it appears that traffic congestion will be

---

[6] The applicant need not present substantial, serious and compelling reasons therefor but need only show that the proposed use is within the provisions of the zoning ordinance. *See Konyk, supra.*

no worse and possibly even better than it presently is with the Foundation as owner. Testimony by neighbors of the premises consisted merely of their fear of a potential adverse impact upon the neighborhood. Such allegations of mere possibilities of harm fall short of the "high degree of probability" standard necessary to sustain protestants' burden of proof. *Archbishop O'Hara's Appeal,* 389 Pa. 35, 53-54, 131 A.2d 587, 596 (1957). *See also West Whiteland Township v. Sun Oil Co.,* 12 Pa. Commonwealth Ct. 159, 167, 316 A.2d 92, 96 (1974).

This failure of protestants suggests to us that the proposed use would in no way be more detrimental to the neighborhood than the previous use which was made by the Foundation; in fact, the proposed use will be almost identical in nature and scope to the previous use. We can see no valid reason for creating a distinction between an office use which happens to be owned by an educational institution and an office use which is commercially owned for purposes of granting a special exception where there has been no showing that the latter use will be any more detrimental to the purpose to be achieved by the zoning ordinance and to the surrounding neighborhood.

Consequently, the court below erred in affirming the Board's denial of applicants' request for a special exception and, we reverse.

As the applicants have framed their requests for relief in the alternative, we need not reach and do not here decide the issue of whether the record before us warrants the granting of a variance.

Accordingly, we

### Order

And Now, this 24th day of January, 1979, the order of the Court of Common Pleas of Chester County dated August 4, 1977, is hereby reversed, and the Zon-

110

ing Hearing Board of Easttown Township is directed to grant Appellants' request for a special exception.