Robinson Township, Appellant *v.* Westinghouse Broadcasting Company, Appellee.

Argued October 5, 1981, before Judges MENCER, MACPHAIL and PALLADINO, sitting as a panel of three.

*Samuel P. Kamin,* for appellant.

*Bruce E. Dice, Zimmer & Dice,* for appellee.

OPINION BY JUDGE MACPHAIL, December 30, 1981:

Robinson Township (Appellant) appeals from an order of the Court of Common Pleas of Allegheny County which reversed a decision of the Board of Commissioners of Robinson Township (Board) and ordered that Westinghouse Broadcasting Company (Appellee) be granted a special exception to construct a 190-foot tower for the relay of television programs. We affirm.

Appellee is the lessee of a large tract of land located in the Park West Industrial Park in Robinson Township.[1] The land is zoned I-1A Industrial Park. While height restrictions in that zoning district limit buildings to three stories, or forty feet,[2] the Township's ordinance permits radio or television towers in the I-1A district by special use exception with a maximum height "as required by Planning Commission." Accordingly, on or about February 4, 1980, the Appellee submitted a request to the Planning Commission for a special use exception to erect a 190-foot television tower on property it leases. On February 11, 1980, the Planning Commission recommended approval of the special use exception application for the height requested. The Board subsequently held a hearing on the application on July 14, 1980 and denied the requested special use exception. The Appellee appealed the denial to the court of common pleas and at the same time petitioned the Board to reconsider its denial. The Board granted the petition and a second hearing was held on August 21, 1980, after which the Board again denied the application. Appellee again appealed to the court of common pleas whereupon the court consolidated the two appeals. The court below reversed the action of the Board and the instant appeal was taken.

We note preliminarily that no written decision accompanied by findings of fact and conclusions based thereon has been rendered by the Board in this case.

---

[1] The record discloses that Appellee operates a television syndication center by which it duplicates and distributes television programs and commercials throughout the free world.

[2] The ordinance also provides in a supplementary height regulation that "water towers, ornamental towers and spires, radio towers or necessary mechanical appurtenances may be erected to a height above the limitations of the district, but not to exceed fifteen (15) feet over such limitation."

We will not further delay these proceedings, however, by remanding for a proper decision, since the parties have apparently waived any right they had to a written adjudication, and in our judgment proper review of the Board's action is possible without a remand.[3]

We also must comment on the fact that throughout these proceedings the requested use applied for by Appellee has been referred to as a "special use exception" or simply a "special exception." In fact, the Township's ordinance employs these same terms. It is clear, however, that this is not a special exception case, for special exceptions must be administered by the zoning hearing board and *not* the governing body. Section 603 of the Pennsylvania Municipalities Planning Code (MPC), Act of July 31, 1968, P.L. 805, *as amended,* 53 P.S. §10603. Rather, the procedures followed in the instant case are applicable to a request for a conditional use. Section 603 of the MPC provides that a zoning ordinance may include "[p]rovisions for conditional uses to be allowed or denied by the governing body after recommendations by the planning agency, pursuant to express standards and criteria set forth in the ordinances. . . ." While this case, therefore, actually involves a conditional use application, the law regarding conditional uses and special exceptions is virtually identical. *Susquehanna Township Board of Commissioners v. Hardee's Food Systems, Inc.,* 59 Pa. Commonwealth Ct. 479, 430 A.2d 367 (1981) and *Greensburg City Planning Commission v. Threshold, Inc.,* 12 Pa. Commonwealth Ct. 104, 315 A.2d 311 (1974). In fact, a conditional use has been referred to as "nothing more than a special exception which falls within the jurisdiction of the municipal

---

[3] Included in the record is a letter drafted by the Township's Solicitor notifying Appellee of the Board's decision. This letter, of course, does not constitute an adjudication by the Board.

legislative body rather than the zoning hearing board.'' R. Ryan, Pennsylvania Zoning Law and Practice §5.1.4 (1970).

Our scope of review where, as here, the court below has taken no additional evidence[4] is limited to a determination of whether or not the Board committed an abuse of discretion or an error of law. *Brunner v. Upper Makefield Township Zoning Hearing Board,* 12 Pa. Commonwealth Ct. 109, 315 A.2d 359 (1974).

The law with regard to conditional uses and special exceptions is clear.

> [T]he applicant for a special exception has both the duty of presenting evidence and the burden of persuading the competent tribunal that his proposal complies with all objective requirements of the ordinance . . . ; the objectors to the application have both the duty of presenting evidence and the burden of persuasion, that the use will have a generally detrimental effect on health, safety and welfare or will conflict with expressions of general policy contained in the ordinance.

*Foster Grading Co. v. Venango Township Zoning Hearing Board,* 49 Pa. Commonwealth Ct. 1, 3-4, 412 A.2d 647, 649 (1980). Furthermore, the objectors must

---

[4] Additional testimony was taken before the court of common pleas relative to Appellee's petition to suspend the automatic supersedeas of the lower court's order in effect by virtue of Pa. R.A.P. 1736. The suspension of the supersedeas was granted by the court below on December 10, 1980 and a transcript of the proceedings has been filed in this Court as a supplement to the record. No appeal was taken from the suspension order. Since the testimony elicited at the suspension hearing was not relied upon by the court of common pleas in reaching its decision on the merits of the zoning appeal, our scope of review remains unaltered and we will not consider the additional testimony in this appeal.

demonstrate to *a high degree of probability* that the applicant's proposal will substantially affect the health and safety of the community in an adverse manner. *Archbishop O'Hara's Appeal,* 389 Pa. 35, 131 A.2d 587 (1957) and *Copeechan Fish and Game Club v. Zoning Hearing Board of North Whitehall Township,* 32 Pa. Commonwealth Ct. 415, 378 A.2d 1303 (1977). It is not sufficient that the protestants allege the mere possibility of adverse impact. *Evans v. Zoning Hearing Board of Easttown Township,* 40 Pa. Commonwealth Ct. 103, 396 A.2d 889 (1979). Finally, it is important to remember that a conditional use or a special exception is actually a *permitted use* absent proof that the adverse impact on the public interest is greater than might be expected under normal circumstances. *Evans* and *City of Pittsburgh v. Herman,* 7 Pa. Commonwealth Ct. 243, 298 A.2d 624 (1973).

There can be no doubt that Appellee has sustained its burden of establishing compliance with the specific requirements of the zoning ordinance. Appellant contends that Appellee failed to prove to the Board that it was entitled to build in excess of the maximum height allowed in the I-1A district. The requirements in the ordinance clearly provide, however, that the maximum height of a television tower is to be set by the Planning Commission. It is undisputed that the Planning Commission approved a height of 190-feet in the instant case. Thus the Appellee has obtained the requisite approval for the height of its tower. The record and briefs filed indicate no other specific criteria with which Appellee has failed to comply.

Turning to the objectors' burden, the ordinance provides that a conditional use must be "consistent with the spirit, purpose and intent of this ordinance"; must not "substantially and permanently injure the appropriate use of neighboring property"; and must

"serve the public convenience and welfare." A number of citizens testified in opposition to the conditional use before the Board. At most, the testimony raised concerns that the tower would be aesthetically displeasing, that property values in an adjacent residential district might diminish as a result of the tower, that the safety of the residents might be adversely affected and that Appellee knew of the zoning restrictions when it located on the property and assumed the risk of those restrictions.

None of this testimony satisfies the heavy burden placed on the objectors. The objectors must produce probative evidence to support the fears and concerns they expressed before the Board. *See Zoning Hearing Board v. Konyk*, 5 Pa. Commonwealth Ct. 466, 290 A.2d 715 (1972). We must conclude that the testimony presented by the objectors, in fact, only raised the possibility that harm would result from the television tower. Neither aesthetic concerns nor allegations of a possible decrease in property values can sustain the objectors' burden. *Soble Construction Co. v. Zoning Hearing Board of the Borough of East Stroudsburg*, 16 Pa. Commonwealth Ct. 599, 329 A.2d 912 (1974). Furthermore, although not required to do so, Appellee presented expert testimony before the Board that property values would not be affected by the tower, that there would be no dangerous emissions from the tower, that security would be provided for the premises and that the tower would be no more obtrusive than other permitted uses. We must conclude from our review of the record that Appellee has sustained its burden of establishing compliance with the ordinance's specific criteria and that Appellant has failed to prove to a high degree of probability that the grant of a conditional use will adversely affect the public interest in Robinson Township.

Order affirmed.

ORDER

AND Now, this 30th day of December, 1981, the order of the Court of Common Pleas of Allegheny County, dated October 28, 1980, Case No. SA 878 of 1980, is hereby affirmed.