566 A.2d 370

**BOARD OF SUPERVISORS OF WEST MARLBOROUGH TOWNSHIP, Appellant,**

**v.**

**Frederick C. FIECHTER and Eleuthera C. Fiechter, his wife and M. Roy Jackson and Gretchen Jackson, his wife, Appellees.**

Commonwealth Court of Pennsylvania.

Argued Sept. 12, 1989.

Decided Nov. 20, 1989.

538

Thomas E. Martin, Jr., Kennett Square, for appellant.

John S. Halsted, Gawthrop, Greenwood & Halsted, West Chester, for appellees.

Thomas L. Wenger, Wix, Wenger, Weidner, Fenstermacher & Gunnison, Harrisburg, for Pennsylvania State Association of Township Supervisors.

Before CRAIG and DOYLE, JJ., and NARICK, Senior Judge.

CRAIG, Judge.

The Board of Supervisors of West Marlborough Township appeals from an order of the Court of Common Pleas of Chester County, reversing a decision of the board that denied Frederick C. and Eleuthera C. Fiechter's and M. Roy and Gretchen Jackson's (landowners) application for subdivision approval because of the landowners' refusal to dedicate 8½ feet of road frontage property to the township.

The issue is whether a municipality has the power to require the dedication of additional right-of-way property along an abutting street as a condition precedent to subdivision approval where a subdivision ordinance mandates the minimum width for all streets within the township.

The landowners own approximately 25.5 acres of land in West Marlborough Township. The land abuts approximately 1,020 feet of an existing road. The road presently has a right-of-way 33 feet wide.

The landowners filed a subdivision plan with the board seeking to divide their tract into just *two* equally sized parcels. The board notified the landowners that the West Marlborough Subdivision Ordinance requires a 50–foot right-of-way for all local streets. The board conditioned subdivision approval upon the landowners dedicating to the township 8½ feet of road frontage property in order to comply with section VI of the West Marlborough Township Land Subdivision Ordinance.[1] The area of the requested dedication is ⅕ of an acre.

Because the landowners refused to make the offer of dedication, the board rejected their subdivision plan. The landowners appealed the rejection to the Court of Common Pleas of Chester County, which, by order of Judge Smith, reversed the decision of the board, stating that a township's

1. Because the landowners' property fronts only one side of the road, the landowners were requested to dedicate half of the difference between 50 feet and 33 feet.

subdivision regulation powers do not include the power to condition approvals upon the dedication of property without compensation. This appeal followed.

Section 503(2)(ii) of the Pennsylvania Municipalities Planning Code (MPC), Act of July 31, 1968, P.L. 805, *as amended*, 53 P.S. § 10503(2)(ii), provides that subdivision ordinances may contain:

(2) Provisions for insuring that:

. . . .

(ii) *streets* in and *bordering a subdivision* or land development shall be coordinated, and be of such widths and grades and in such locations as deemed necessary to accommodate prospective traffic, and facilitate fire protection. . . . (Emphasis added.)

Section VI of the subdivision ordinance states:

2. Street Width

(A) The rights-of-way for all streets in the Township shall be as follows:

Local Streets—50 feet

Collector Streets—60 feet

Major Thoroughfares—80 feet

There is no dispute as to the validity of the ordinance setting forth width requirements for streets within a subdivision.

Our scope of review, when a common pleas court has received no new evidence, is limited to determining whether the board abused its discretion or committed an error of law, and whether the board's decision is supported by substantial evidence. *Tieger Appeal*, 100 Pa. Commonwealth Ct. 100, 514 A.2d 276 (1986).

■ The Pennsylvania State Association of Township Supervisors (association), in its amicus brief, argues that "the clear statutory language" of the MPC and subdivision ordinance permits the township to require the landowners to dedicate property so that the road bordering their land may be expanded. Although we agree with the association that the street width requirement set forth in the subdivision

ordinance is applicable to the landowners because their proposed subdivision borders an existing road, there is no language in either the MPC or the ordinance expressly requiring that land needed for road expansion be dedicated to the township.[2]

Although the legislature, in the MPC as quoted above, has authorized ordinance provisions to "insure" that streets bordering a subdivision, as well as within it, shall have widths and grades sufficient for prospective traffic, the section does not identify a mandated property gift as a means to that end.

Other means can be involved. For example, subdivision design standards can insure that developers place no constructed impediment within the lots which could hamper subsequent public acquisition of land for a widened street by eminent domain.[3]

Accordingly, this court cannot read section 503(2)(ii), or any portion of the MPC, as providing statutory authorization for the condition sought to be imposed here.

Moreover, as applied to this case, a mandated dedication of land for street widening—even if authorized by statute—faces serious constitutional obstacles.

Contrary to the township's contention that the landowners have raised no constitutional claim, we note that, in addition to the statutory authority claim in par. 9b of their Notice of Appeal, they raised constitutional issues in par. 9c of that filing. (R. 5a)

In *Doran Investments v. Muhlenberg Township Board of Commissioners*, 10 Pa. Commonwealth Ct. 143, 309 A.2d 450 (1973), a developer had set aside land to be used as

---

2. In *County Builders, Inc. v. Lower Providence Township,* 5 Pa. Commonwealth Ct. 1, 287 A.2d 849 (1972), the developer conceded that the township subdivision ordinance required the dedication of a 50–foot right-of-way, and asserted his willingness to make the requisite offer of dedication.

3. The subdivision plan in the record shows an 80–foot setback of structures from the road, indicated as placed in compliance with a zoning requirement.

private common open space along a creek within the plan. The Muhlenberg Township Board of Commissioners concluded that, although the plan met the requirements of the common open space provisions of the ordinance, the development would result in a reduction of usable recreational area. In addressing the Muhlenberg board's findings, this court stated:

> The board does not explain how the creek's development will reduce recreational space. We may, however, infer, that since some of this privately owned land is to be reserved for the use of the tenants in the project, the board's objection is that the developer is not providing a public park. The board might have attempted to acquire public recreation grounds in this fashion by discussion with the developer; *it may not under our constitution make dedication of land a condition precedent to its approval of a lawful use.*

*Id.,* 10 Pa.Commonwealth Ct. at 157, 309 A.2d at 458 (emphasis added).

Contrary to the claim of amicus curiae, *Doran's* approving language with respect to regulations requiring the maintenance of open space for *private* common use *within a subdivision* cannot be extended to authorize the demand made here as to a grant of land for public use.

In *Lukens v. Upper Moreland Township,* 82 Pa.D. & C. 308 (1952), the board of commissioners rejected the landowners' subdivision plan because the landowners refused to dedicate to the township a 20–foot right-of-way within the subdivision along a water course in it. The board of commissioners' decision was based on section 5 of the subdivision ordinance which provides:

> Layouts submitted for tentative or final approval must conform to the following conditions:
>
> . . . .
>
> Paragraph 9—Easements or rights-of-way for utilities shall have minimum width of eight (8) feet or four (4) feet on each side of rear or rear sidelines of lots, and shall

remain unobstructed. Rights-of-way not less than twenty (20) feet wide shall be provided along natural watercourses for the use of the township for construction of storm and sanitary sewers.

*Id.* at 310.

The issue in the case was not whether the township could require twenty feet to be kept open for passage along the watercourse, on the landowners' property, but whether the township could compel the landowners to dedicate an easement to the township without compensation. Judge Knight held that, even though the township could require that the 20-foot right-of-way be shown on the subdivision plan, the board could not deny subdivision approval because the landowner refused to dedicate it. He stated that the municipality must resort to the constitutional method for taking private property for public use by condemnation and payment.

In *Nollan v. California Coastal Commission*, 483 U.S. 825, 107 S.Ct. 3141, 97 L.Ed.2d 677 (1987), the California Coastal Commission, as a condition to the granting of a building permit, required the Nollans to grant a public easement across a portion of their beachfront property to provide all or part of a public passage to a nearby public beach. The U.S. Supreme Court stated that, if California required the Nollans to grant a public easement across their property, by conditioning their building permit on their agreeing to do so, the requirement would violate the taking clause of the Fifth Amendment, as incorporated against the states by the Fourteenth Amendment.

To say that the appropriation of a public easement across a landowner's premises does not constitute the taking of a property interest but rather (as Justice BRENNAN contends) 'a mere restriction on its use,' post, at 848–849, n. 3, is to use words in a manner that deprives them of all their ordinary meaning. Indeed, one of the principal uses of the eminent domain power is to assure that the govern-

ment be able to require conveyance of just such interests, so long as it pays for them.

*Id.* at 831, 107 S.Ct. at 3145 (citation omitted).

The facts in this case are similar to those in *Nollan;* both cases involve regulatory approvals conditioned upon dedication of private property for public use without compensation and for a cause not specially springing from that particular private property, or from its proposed development.

■ In this case, the record contains no indication that the two-lot subdivision, or its development, could produce an impact or burden on the public which could possibly provide a police power justification for demanding that the landowner make a special, uncompensated contribution to the adjacent local street.

The conclusion must be that the landowners' subdivision approval cannot be conditioned on the dedication of a public right-of-way.

Accordingly, we affirm the decision of Judge Smith of the Common Pleas Court of Chester County.

### ORDER

NOW, November 20, 1989, the order of the Court of Common Pleas of Chester County, No. 88–07718, dated February 8, 1989, is affirmed.