## Pennalan Corp. v. Fayette County Zoning Hearing Board

*Robert W. Lambert,* for Pennalan.
*Jos. E. Ferens Jr.,* for Fayette County Zoning Board.
*Richard E. Bower,* for Citizens to Protect.
*Michael J. Macko,* for Township of Saltlick.

CICCHETTI, *P.J.,* August 15, 1990—This matter is on appeal from the denial by the Fayette County

Zoning Hearing Board of the application of the Pennalan Corporation for a special exception to operate a sanitary landfill on property situated in Saltlick Township, Fayette County, Pennsylvania. The property in question is designated as "A-1" Agricultural-Rural. A sanitary landfill is a use allowed in areas designated as A-1 when a special exception is obtained. After numerous public hearings, the board denied the special exception sought by Pennalan by its decision of March 27, 1989, on the basis that the proposed landfill operation would be detrimental to the community in unduly burdening the road system and in general would create a danger to the community. No additional testimony was taken by this court. For the following reasons, we affirm the decision of the board.

## DISCUSSION

When the court of common pleas does not take any additional evidence, its scope of review is limited to determining whether the board committed an abuse of discretion or an error of law. *Board of Supervisors of Upper Southampton Township v. Zoning Hearing Board of Upper Southampton Township,* 124 Pa. Commw. 103, 108, 555 A.2d 256, 258 (1989).

Section 10912.1 of the Pennsylvania Municipalities Planning Code, as amended, Act of December 21, 1988, no. 170, 53 P.S. §10101 et seq., effective February 10, 1989, provides:

"Where the governing body, in the zoning ordinance, has stated special exceptions to be granted or denied by the board pursuant to express standards and criteria, the board shall hear and decide requests for such special exceptions in accordance with such standards and criteria. In granting a

special exception, the board may attach such reasonable conditions and safeguards, in addition to those expressed in the ordinance, as it may deem necessary to implement the purposes of the act and the zoning ordinance."

The criteria for a special exception in an A-1 district has been enumerated in section 602.4 of the Fayette County Zoning Ordinance. In pertinent part, it provides that:

"The board shall allow a special exception in any 'R' Residential, 'A' Agricultural-Rural or 'C' Conservation District provided that the proposed use meets all of the following standards:

"(1) The location and size of the use, the nature and intensity of the operations involved in or conducted in connection with it, its site layout, and its relation to streets giving access to it shall be such that both pedestrian and vehicular traffic to and from the use and the assembly of persons in connection with it will not be hazardous, inconvenient, or conflict with the normal traffic on residential streets, both at the time and as the same be expected to increase with any prospective increase in the population of the area, taking into account convenient routes of pedestrian traffic thoroughfares and to street intersections, and the general character and intensity of development of the area.

"(2) The location and height of buildings, the location, nature and height of walls and fences, and the nature and extent of landscaping on the site shall be such that the use will not hinder or discourage the appropriate development and use of adjacent land and buildings.

"(3) The use shall not involve any activity substantially increasing the burden on any public utilities and facilities unless provision is made for any necessary adjustment."

4

The board determined that the creation of a sanitary landfill at the proposed site would pose a substantial threat to the health and safety of the community.

At issue is the ability of Poplar Run Road to adequately bear the amount and type of traffic that the proposed landfill would create. This court is well aware of the case law that holds that objectors to a special exception must show that the "impact would be greater than would normally be expected from that type of use and that this use would pose a substantial threat to the health, safety and welfare of the community." *Abbey v. Zoning Hearing Board of the Borough of East Stroudsburg,* 126 Pa. Commw. 235, 559 A.2d 107 (1989). Although the objectors did not claim that the traffic created by this landfill would be any greater than would normally be expected from this type of use, they did argue and the board did find that the types of trucks that Pennalan would allow to use the facility would jeopardize the safety of the community.

Poplar Run Road is a two-lane state-maintained road, running in an east-west direction. It is generally 18 feet in width, with a two-foot gravel shoulder on each side. Although the weight limit of Poplar Run Road is 10 tons, Pennalan proposes to use tractor-trailer trucks that weigh in the neighborhood of 80,000 pounds (40 tons). These trucks would be at a minimum 60,000 pounds over the weight limit of the road. According to Pennalan, approximately 50 trucks would travel to and from the site on a daily basis. The board heard evidence that this frequency and the exceeding weight of the trucks would have a substantial negative impact on the conditions of the road.

Although testimony indicated that the road was restabilized by PennDOT four to five years ago,

testimony also indicated that a number of deteriorating conditions have since developed. The protestants argued to the board that these conditions would be exacerbated to such an extent that the road would pose a danger to those who traveled it if trucks of the proposed weight traveled the road on a daily basis. In support of their argument, the protestants pointed to the time when strip mining was done in the area in question. The protestants testified that Poplar Run Road became little more than a dirt road due to the heavy traffic of the tractor-trailer trucks; trucks that are similar to those proposed by Pennalan.

Additionally, the board found that during the winter months Poplar Run Road at times becomes a one-lane road due to severe weather conditions. The protestants argued that allowing large-size trucks such as those proposed by Pennalan on the road during these conditions would pose a substantial threat to the safety of those who travel it.

The courts of this Commonwealth have held that once it has been established that the proposed use is allowable under the terms of exception in the zoning ordinance, the protestants must demonstrate "that the requested use would constitute a detriment to public health, safety or welfare." *Evans v. Zoning Hearing Board of Easttown Township,* 40 Pa. Commw. 103, 108, 396 A.2d 889, 892 (1979). The mere increase in traffic, standing alone, does not constitute a sufficient reason to deny a special exception. What must be shown is that "the anticipated increase in traffic must be of such a character that it bears a *substantial* relation to the health and safety of the community. A prevision of the effect of such an increase in traffic must indicate that not only is there a likelihood but a high degree of probability that it will affect the safety and health of

the community, and such prevision must be based on evidence sufficient for the purpose." (emphasis in original) *Lower Merion Township v. Enokay Inc.,* 427 Pa. 128, 132, 233 A.2d 883, 885 (1967), *quoting Archbishop O'Hara's Appeal,* 389 Pa. 35, 131 A.2d 587 (1957). In the instant case, the protestants showed that Poplar Run Road would be traveled by trucks that exceed the road's weight limit by a minimum of 60,000 pounds. Pennalan anticipates that approximately 50 trucks would travel to and from the site on a daily basis. The protestants argued that this increase in traffic coupled with the trucks' excessive weight would create a safety hazard for those who travel Poplar Run Road. The board found the protestants' arguments persuasive and so do we. Thus, this court finds that the board did not commit a manifest abuse of discretion nor did it commit an error in law when it denied Pennalan's special exception.

## ORDER

And now, August 15, 1990, the Fayette County Zoning Hearing Board's decision denying Pennalan's request for a special exception is affirmed.