623 A.2d 429

**Gerald E. MEIXSELL and Diana L. Meixsell, his wife**

v.

**ROSS TOWNSHIP BOARD OF SUPERVISORS, Appellant.**

Commonwealth Court of Pennsylvania.

Argued Dec. 17, 1992.

Decided March 12, 1993.

John B. Dunn, for appellant.

Vance Meixsell, for appellees.

Before CRAIG, President Judge, McGINLEY, J., and LORD, Senior Judge.

CRAIG, President Judge.

The Ross Township Board of Supervisors appeals a decision of the Court of Common Pleas of Monroe County that reversed the board's decision denying approval of a subdivision plan submitted by landowners Diana and Gerald E. Meixsell.

The sole issue raised on appeal is whether the trial court erred in concluding that the board could not require the landowners, as a condition of obtaining approval of their subdivision plan, to denote or designate a right-of-way on the proposed plan in anticipation of the future expansion of a state highway which borders the landowners' property.

## FACTS

In February of 1991, the board refused to approve the landowners' minor subdivision plan because the landowners declined to designate, on their proposed subdivision plan, a thirteen and one-half foot right-of-way easement for the future expansion of a state highway called Kunkleton Road.

The landowners appealed the board's decision to the trial court, which reversed that decision. The board appeals the trial court's decision to this court.

## ANALYSIS

■ Our scope of review, when a common pleas court has received no new evidence, is limited to determining whether the board abused its discretion or committed an error of law, and whether the board's decision is supported by substantial evidence. *Tieger Appeal*, 100 Pa.Commonwealth Ct. 100, 514 A.2d 276 (1986).

The board contends that its pertinent subdivision ordinance provision is based on section 503 of the Pennsylvania Municipalities Planning Code (MPC), Act of July 31, 1968, P.L. 805, *as amended* 53 P.S. § 10503.

Section 503 of the MPC, 53 P.S. § 10503, provides, in pertinent part, that subdivision ordinances may contain:

(2) Provisions for insuring that:

. . . .

(ii) streets *in and bordering* a subdivision or land development shall be coordinated, and be of such widths and grades and in such locations as deemed necessary to accommodate prospective traffic, and facilitate fire protection;

. . . .

(3) Provisions governing the standards by which streets shall be designed, graded and improved. . . .

(Emphasis added.)

The relevant provisions of the subdivision ordinance are as follows:

6.3 FINAL PLAN REQUIREMENTS FOR MINOR SUBDIVISIONS

. . . .

(b) *Site Plan—*

. . . .

(6) Location of existing man-made features

a) street names and width of right-of-way on the site and on immediately adjacent tracts; typical cross-sections shall be submitted for all private access streets and, at the discretion of the Commission, center line profiles together with all vertical data may be required.

. . . .

e) utility easements, restrictive covenants, and easements for purposes which might affect development.

9.2 DESIGN STANDARDS APPLICABLE TO ALL TYPES OF DEVELOPMENT

(k) *Streets*—

(3) *Street Continuations*—

. . . .

(b) In the case of land abutting a private street or a State or a Federal Road, *additional setback and easement for right-of-way* shall be provided in conformance with Table 9–1, "Design Standards for Streets."

. . . .

(Emphasis added.)

Additionally, Table 9–1, to which section 9.2(k)(3)(b) refers, requires that the width for an *arterial minor street* shall be noted on a subdivision plan as sixty feet.

The board argues that its refusal to approve the plan was proper because the language of the MPC and subdivision ordinance empowers the board to require the landowners to designate the right-of-way for the future expansion of Kunkletown Road.

■■ Although this court agrees with the board that the MPC vests the board with the power to establish street-width requirements, the MPC does not give the board authority to condition approval of a subdivision plan upon the inclusion on it of a designation of a *right-of-way* or *easement*.[1]

This court first notes that section 9.2(k)(3)(b) of the township's subdivision ordinance calls for a "setback and easement," as a prerequisite for the approval of the landowner's subdivision plan.

However, the words *setback* and *easement* obviously are not synonymous or interchangeable. The two terms have different meanings.

1. This court notes that the trial court concluded that because Kunkletown Road is a *state highway*, the township does not have the power to condemn property for future widening. However, a township can legitimately be interested in facilitating adequate state highways through township subdivision regulations.

■ A setback requirement, which the MPC authorizes, would require the landowners to set back structures from their property line, equivalent to a front-, side-, or rear-yard requirement in zoning. The township could apply reasonable setback requirements to ensure that land might be available to accommodate future widening of the abutting road. If the state should then decide to later widen the road, the state would have to commence condemnation proceedings, through which the landowners would be compensated.

■ However, there is no authority in the MPC for the township to require a designation—ie., grant—of a right-of-way as a condition to approval of a subdivision plan. A right-of-way, which is an easement, is a property interest in land conferred upon one other than the landowner. *Burns v. Baumgardner,* 303 Pa.Super. 85, 449 A.2d 590 (1982). The township's requirement that the landowners designate a right-of-way as a condition of approving their subdivision plan is tantamount to requiring a dedication of the easement to the township, which could transfer it to the state.

Thus, the township could acquire a property interest in the land without compensating the landowners. *Compare Gary D. Rehart, Inc. v. Township of Carroll,* 487 Pa. 461, 409 A.2d 1167 (1979), where the Supreme Court held that, because the landowner *voluntarily* dedicated portions of its land to the township, and because the landowner failed to attack the township's requirement of the dedication as a condition to subdivision approval, there was no de facto taking requiring later compensation.

The township may not confiscate private property for public use without just compensation. *See Andress v. Zoning Hearing Board of Adjustment,* 410 Pa. 77, 188 A.2d 709 (1963).

In *Board of Supervisors of West Marlborough Township v. Fiechter,* 129 Pa.Commonwealth Ct. 537, 566 A.2d 370 (1989), a township conditioned its approval of a subdivision plan upon the landowners' *dedication* of an additional right-of-way along

an abutting street, where a subdivision ordinance mandated the minimum width for all streets within the township.

This court held that:

Although the legislature, in the MPC as quoted above, has authorized ordinance provisions to "insure" that streets bordering a subdivision, as well as within it, shall have widths and grades sufficient for prospective traffic, the section does not identify a mandated property gift as a means to that end.

*Id.* at 541, 566 A.2d at 371.

This court concluded that a township could not require a landowner to dedicate property to the township as a condition of approval of a subdivision plan, and that other means could be used to achieve the same end. We noted that subdivision design standards could be required to insure that developers placed no impediment within the lots which could burden future public acquisition. *Id.*

The township is correct in noting that, under the MPC, the designation of the *width and lines* of a proposed highway, by recording a subdivision plan, does not constitute a taking. The mere designation of width and lines of a proposed highway would not preclude the landowner from asserting his rights as a condemnee in a later proceeding. *See Commonwealth Appeal,* 422 Pa. 72, 77, 221 A.2d 289, 291 (1966). However, the board here required a designation of a right-of-way, which is equivalent to requiring a *dedication* of a right-of-way.

Thus, contrary to the conclusion of the trial court, this court's decision in *Fiechter* controls.

■ As indicated in our discussion above, the township could require, as a condition to approving the subdivision plan, that the landowners set back structures from the front of the property line, in order to accommodate future widening of the abutting road, by keeping structures out of the area likely to be condemned in the future.

The township also argues that the denial of the subdivision plan should stand, because, although the subdivision ordinance

provides for waivers of the standards of the ordinance, where compliance would cause hardship, the landowners here have not claimed any hardship. Because this court has concluded that the ordinance improperly requires an uncompensated grant of a property interest as a condition to approving a subdivision plan, we need not address the township's argument that the hardship provision is applicable.

In addition, the township relies on *Ball v. Montgomery Township Board of Supervisors*, 143 Pa.Commonwealth Ct. 142, 598 A.2d 633 (1991), in arguing that requiring a landowner to designate a right-of-way on a development plan does not constitute a taking. However, *Ball* is distinguishable because the township in that case merely required the landowner to draw a line on the plan delineating a pre-existing right-of-way.

Thus, this court concludes that the board erred in disapproving the landowner's subdivision plan based on their refusal to designate a public right-of-way. Because the subdivision ordinance provision at issue lawfully provides for setback requirements, the proper remedy is to remand the case to the board to re-evaluate the plan in light of this court's conclusion that section 9.2(k)(3)(b) of the ordinance is valid insofar as it permits the township to require a reasonable setback to accommodate potential widening of the road abutting the landowners' proposed subdivision.

Accordingly, the decision of the Court of Common Pleas of Monroe County is affirmed in part, and reversed in part, and this case is remanded to the board for proceedings consistent with this opinion.

## ORDER

NOW, March 12, 1993, the decision of the Court of Common Pleas of Monroe County, dated February 21, 1992, at No. 1312 Civil 1991, is affirmed in part and reversed in part, and this case is remanded to the board to re-evaluate the plan in light of this court's conclusion that section 9.2(k)(3)(b) of the ordinance is valid insofar as it permits the township to require a

reasonable setback to accommodate potential widening of the road abutting the landowners' proposed subdivision.

Jurisdiction relinquished.