637 A.2d 715

**Eileen M. PITCHER,**

v.

**HEIDELBERG TOWNSHIP BOARD OF SUPERVISORS, Appellant.**

Commonwealth Court of Pennsylvania.

Argued Sept. 13, 1993.

Decided Jan. 27, 1994.

David C. Keiter, for appellant.

Michael W. Flannelly, for appellee.

Before CRAIG, President Judge, and COLINS, J., and KELTON, Senior Judge.

COLINS, Judge.

The Heidelberg Township Board of Supervisors (Board) appeals the December 16, 1992 order and opinion of the Court of Common Pleas of York County (Common Pleas) sustaining Eileen M. Pitcher's (applicant) appeal from the Board's rejection of her conditionally approved subdivision plan (plan) and reversing the Board's denial thereof. We reverse.

On July 29, 1987, applicant purchased a tract of land in an agricultural district of Heidelberg Township (Township). On February 6, 1992, applicant applied to the Board for approval of a plan subdividing the tract into three single-family residential dwellings abutting the intersection of Yingling and Thoman Drives. The record indicates that these two streets meet to form one through street, classified by the Heidelberg Township Subdivision and Land Development Ordinance (Ordinance) as a private drive.[1] The place where the two streets meet forms a dangerous curve.

According to the minutes of the May 6, 1992 Board meeting, the Board conditionally approved the plan subject to applicant posting satisfactory security to improve four feet of roadside property. At the June 3, and the July 1, 1992 Board meetings, applicant informed the Board that she would not agree to this condition, and she requested waiver of the condition,

1. Section 505(a) of the Ordinance provides that because the existing right-of-way is twenty-five feet from the center line, the abutting roadway is classified as a private drive.

because the proposed improvement would cost approximately $5,980.00.[2]  The Board refused to waive the condition and consequently, at the July 1, 1992 meeting, rejected applicant's plan.  Thereafter, on July 2, 1992, the Township's solicitor sent applicant a rejection letter, which provided, in pertinent part:

The plan was deficient for the following reasons:

(a) Section 505(c)(ii) of Ordinance No. 278, Heidelberg Township Subdivision and Land Development Ordinance, as amended, requires a developer to improve the roadway along existing public roads to meet the minimum roadway standards defined in Section 505(a) of the Ordinance.  In this instance, *in addition to dedicating enough land to have a right-of-way of 25'* from the center line, *you were required to widen the existing roadway by four feet.*  (Emphasis added.)

On August 3, 1992, applicant filed an appeal with Common Pleas from the Board's decision.  On December 16, 1992, Common Pleas sustained applicant's appeal, reversed the Board's denial of applicant's plan, and directed the Board to approve the plan, provided it complied with all other applicable Ordinance requirements.[3]  The instant appeal followed.

Relying upon Section 503 of the Pennsylvania Municipalities Planning Code (MPC) [4] and this Court's interpretation thereof

**2.** Both the Board and applicant agree to this estimate of the cost of the improvement.

**3.** In its opinion, Common Pleas stated that pursuant to the Ordinance, the applicable right-of-way was thirty-three feet.  Both the record and the Ordinance, however, indicate that the applicable right-of-way is twenty-five feet from the center line.

**4.** Act of July 31, 1968, P.L. 805, *as amended*, 53 P.S. § 10503, which provides, in pertinent part, that subdivision ordinances may contain:

(2) Provisions for insuring that:

. . . .

(ii) streets in and bordering a subdivision or land development shall be coordinated, and be of such widths and grades and in such locations as deemed necessary to accommodate prospective traffic, and facilitate fire protection;

. . . .

in *Tobin v. Radnor Township Board of Commissioners*, 142 Pa.Commonwealth Ct. 567, 597 A.2d 1258 (1991), along with Section 505 of the Ordinance,[5] the Board argues that a municipality can impose requirements above and beyond street width requirements, if those requirements are intended to promote conditions favorable to the general health, safety, and welfare of the municipality. The Board also argues that applicant was not required to dedicate any property as a condition precedent to subdivision approval but was required to improve part of a private drive's existing hazardous curve along which, upon completion of applicant's residential subdivision plan, would exist additional residential dwellings, driveways, and traffic. Finally, the Board argues that Common Pleas erred in basing its decision on *Board of Supervisors v. Fiechter*, 129 Pa.Commonwealth Ct. 537, 566 A.2d 370 (1989).

The issue presented on appeal is whether Common Pleas erred in concluding that the Board could not approve applicant's subdivision plan subject to applicant improving a four foot strip of roadside property in anticipation of additional driveways and traffic on a private drive's existing hazardous curve. This Court's "scope of review, when a common pleas court has received no new evidence, is limited to determining whether the board abused its discretion or committed an error of law, and whether the board's decision is supported by substantial evidence." *Meixsell v. Ross Township Board of*

(3) Provisions governing the standards by which streets shall be ... improved, and ... curbs ... and other improvements shall be installed as a condition precedent to final approval of [subdivision plans].

5. Section 505 of the Ordinance, entitled "Street Design," provides, in pertinent part:

b) *Exceptions to Width Requirements*—Provisions for additional street width and right-of-way must be required when determined to be necessary as a part of the Comprehensive Plan.

c) *Existing Road Frontage*—In the case of a plan containing lots fronting on an existing public road, the developer shall provide any required dedication for widening the existing road right-of-way to meet the right-of-way standards in (s. 505a [minimum street widths]). Where uncertainty exists as to the road classification, it shall be as specified in the Township Comprehensive Plan—Transportation Plan section. The right-of-way to be dedicated must be measured from the centerline of the existing roadway.

*Supervisors,* 154 Pa.Commonwealth Ct. 226, 229, 623 A.2d 429, 430 (1993).

After a careful review of the record, this Court finds that the applicant is not, in fact, required to dedicate any property to the Township in order to obtain subdivision approval. This Court does, however, find that it is incumbent upon applicant to comply with the Township requirement to modify the four foot strip of road front property so that it promotes conditions favorable to the public health, safety, and welfare of the Township.

The present case is analogous to *Tobin,* wherein the applicable board conditioned subdivision approval upon Tobin improving the abutting road. In *Tobin,* this Court concluded that, pursuant to Section 503 of the MPC, 53 P.S. § 10503, a municipality has the authority to condition subdivision approval upon compliance with specific requirements regarding width of roads within a development. This Court opined that the ordinance in *Tobin* "[was] intended to create 'conditions favorable to the health, safety, and welfare of the community,' and its provisions [were] interpreted to be *'minimum* requirements for the promotion of' these goals." *Id.,* 142 Pa.Commonwealth Ct. at 584–85, 597 A.2d at 1267 (quoting Radnor Township Ordinances 120–3 and 120–5) (emphasis added). Additionally, we stated that the township ordinance was adopted by the township to

> insure that every new subdivision lot in the township would have adequate street frontage to facilitate fire protection and other emergency services. This is undoubtedly a legitimate purpose of a subdivision ordinance, and the MPC explicitly authorizes a municipality to adopt [such] ordinances.... 53 P.S. § 10503(2)(ii). Ordinances setting forth requirements for width ... including street frontage requirements, are presumptively valid. *County Builders, Inc. v. Lower Providence Township,* 5 Pa.Commonwealth Ct. 1, 287 A.2d 849 (1972).

*Id.,* 142 Pa.Commonwealth Ct. at 585, 597 A.2d at 1267. This Court, in *Tobin,* therefore, authorized a municipality to condi-

tion subdivision approval upon an applicant improving roadside property.

We find that the *Tobin* rationale, with its emphasis on improvements that will promote the health, safety, and welfare of a municipality, is applicable to the present matter and distinguishable from *Fiechter*, on which Common Pleas relied. In *Fiechter*, a board conditioned subdivision approval upon the applicant dedicating eight and one-half feet of roadside property. Pursuant to *Nollan v. California Coastal Commission*, 483 U.S. 825, 107 S.Ct. 3141, 97 L.Ed.2d 677 (1987),[6] the *Fiechter* court held that neither Section 503 of the MPC, 53 P.S. § 10503, nor the corresponding section of the township's subdivision ordinance required that the land needed for road expansion be dedicated to the township in order to increase the width of a public road abutting the property. Furthermore, in *Fiechter*, there was no indication that the "subdivision, or its development, could produce an impact or burden on the public which could possibly provide a police power justification for demanding that the landowner make a special, uncompensated contribution to the adjacent local street." *Fiechter*, 129 Pa.Commonwealth Ct. at 544, 566 A.2d at 373. The instant matter is different from *Fiechter*, because the underlying rationale for the Board's conditional approval of the plan was improvement of roadside property in anticipation of additional driveways and traffic on a private drive's already hazardous curve. This rationale is similar to that in *Tobin*, where the board sought to "insure that every new subdivision lot in the township would have adequate street frontage to facilitate fire protection and other emergency services." *Tobin*, 142 Pa.Commonwealth Ct. at 585, 597 A.2d at 1267.

The record clearly indicates that applicant's tract abuts a dangerous curve. In order to alleviate the resulting traffic

6. In *Nollan*, the California Coastal Commission conditioned the granting of a construction permit for the construction of a dwelling on a beach front lot upon the applicant dedicating a portion of his property so as to connect two public beaches on either side of the lot. The United States Supreme Court held that the condition constituted an unlawful taking, thereby violating the Fifth Amendment, which is incorporated and made applicable to state action by the Fourteenth Amendment.

hazard on this private drive's dangerous curve, in consideration of applicant's plan to subdivide the tract into three residential dwellings, and pursuant to this Court's interpretation of Section 503 of the MPC in *Tobin*, this Court holds that the Board's additional street width requirement relating to the improvement of the four feet of roadside property was indeed intended to promote conditions favorable to the Township's general health, safety, and welfare. These public health, safety, and welfare concerns arose as a result of applicant's desire to subdivide. Moreover, because applicant intends to derive economic benefit from the residential subdivision of her tract, she should bear the cost of the required improvement.

Accordingly, we reverse the order of Common Pleas.

## ORDER

AND NOW, this 27th day of January, 1994, the order of the Court of Common Pleas of York County in the above-captioned matter is reversed.