County Builders, Inc. *v.* Lower Providence Township.

2

Argued February 10, 1972, before Judges WILKINSON, JR., MENCER and ROGERS, sitting as a panel of three.

*Lawrence Sager,* with him *Sager & Sager,* for appellant.

*Robert C. Fernandez,* with him *Joseph J. McGrory* and *McGrory, Scirica, Wentz & Fernandez,* for appellee.

OPINION BY JUDGE ROGERS, March 3, 1972:

This is an appeal from an order of the Court of Common Pleas of Montgomery County dismissing the appeal of a landowner from the action of the Board of Supervisors of Lower Providence Township in refusing to approve a plan of subdivision.

The appellant, County Builders, Inc., is the owner of 2.674 acres of land located at the dead-end terminus of Oaklyn Avenue, a public road of Lower Providence Township. Desiring to subdivide its land, the appellant

filed with the township supervisors a plan proposing the extension of Oaklyn Avenue a distance of 479.96 feet and the subdivision of its land into four lots fronting on said extension. The plan proposed that the extension of Oaklyn Avenue should have a 50 feet wide right of way and a 27 feet wide paved cartway. However, the map accompanying the application indicated that five feet of the width of the proposed right of way was to be acquired from owners of properties lying on the side of the proposed extension opposite the location of appellant's lots. No executed deed of dedication effective to convey the right of way was ever presented to the supervisors, although the appellant declared its willingness and ability to make such a dedication and did exhibit to the supervisors at the hearing on its application an unexecuted fee simple deed for a 50 feet wide strip of land in which it and certain individuals were named as grantors. The supervisors refused to approve the plan of subdivision so notifying the appellant by letter of its solicitor which reads as follows:

"January 14, 1971

"County Builders, Inc.
306 N. Township Line Road
Schwenksville, Pennsylvania 19473

Gentlemen:

Please be advised that your Subdivision Plan was rejected by the Board of Supervisors of Lower Providence Township on January 11, 1971, and approval of the plan was at that time refused. Apparently, this plan was submitted with application in the form of a letter, which letter appeared to request some relief in the nature of a Variance. In an application for subdivision approval, it is, of course, impossible for the Board of Supervisors to grant relief from the provisions of prevailing Ordinances by way of a Variance or

other remedy. The Subdivison Plan as submitted was found defective for the following reasons:

"1. The plan shows creation of a dead-end street, which would be unacceptable due to the fact that there would be no provision for snow plowing and adequate fire protection. The Board further feels that it is essential to open Oaklyn Avenue to Marilyn Avenue before allowing development of the subject area.

"2. Lot No. 1 does not have the required frontage on a public street as necessitated by the provisions of Ordinance No. 38, Section 308. There was no satisfactory evidence submitted which would indicate that the lots as created by the Subdivision Plan would have required frontage on a public road of required width, in accordance with both Ordinance No. 38, Section 308, and the provisions of the Land Subdivision Ordinance of Lower Providence Township. The Subdivision Plan and all facts submitted to the Board of Supervisors to date do not indicate the ability of the developer to create a public road upon which the subdivided lots may front.

"It would appear that if a cul de sac is created at the end of Oaklyn Avenue, it would then render one of the lots of the subdivision undersized with regard to area requirements, as indicated under Ordinance No. 5, being the Zoning Ordinance of Lower Providence Township.

Very truly yours,

JOSEPH J. McCRORY, Solicitor,

Lower Providence Township."

As appears by careful study of this communication, the supervisors' refusal to approve appellant's subdivision rested on two grounds: (1) That the plan showed an unacceptable dead-end street, a deficiency curable either by further extending Oaklyn Avenue to another

public street known as Marilyn Avenue or by the construction of a cul-de-sac; and (2) that the developer had not produced evidence of provision for a public street fronting his lots, referring to an ordinance so requiring. No reference in the solicitor's letter is made to the width of the paved cartway, nor is any citation to statute or ordinance requiring a cul-de-sac at dead-end streets provided.

The appellant apparently concedes that there is a township requirement of the dedication of a 50 feet wide right of way and asserts its willingness to provide such. The supervisors therefore properly refused to approve the subdivision application prior to the receipt of adequate assurance of such a dedication in the form of a deed or a formal offer of dedication, especially as the joinder of parties other than the developer was required. The mere exhibition of an unexecuted deed was not sufficient indication of compliance. For this reason we affirm the action of the court below dismissing the appeal.

However, other issues are discussed in the lower court's opinion which deserve mention here. At argument below the township raised for the first time the alleged deficiency in the width of the 27 feet wide paved cartway which had been constructed by the appellant in accordance with plans and specifications earlier presented to but not approved by the supervisors. The township advised the court and the appellant on this occasion that the width requirement, formerly 27 feet, had been increased to 32 feet by *resolution* of the supervisors amending the township's subdivision ordinance. This raises the question of whether an ordinance may be effectively amended by a resolution. It has been held that it may not. *Penn Wynne v. Lower Merion Township*, 181 Pa. Superior Ct. 524, 124 A. 2d 487 (1956). Further, the alleged amending resolution here was as-

sertedly adopted on April 14, 1969, a date subsequent to the effective date of the Pennsylvania Municipalities Planning Code (the MPC), Act of July 31, 1968, P. L. , No. 247, 53 P.S. §10101, et seq. Section 505 of Article V of the MPC, 53 P.S. §10505, provides that amendments to subdivision ordinances shall become effective only after a public hearing held pursuant to public notice in the manner prescribed by Section 504 of the MPC, 53 P.S. §10504, for the enactment of such an ordinance. It seems unlikely that the adoption of a resolution would be attended with such formality. Hence, if the 32-foot requirement for paved cartways rests solely on an amendatory resolution, it would be ineffective and therefore provided no valid cause for rejecting appellant's plan of subdivision. Further, Section 508(2) of Article V of the MPC, 53 P.S. §10508 (2), provides that when an application is not approved as filed the decision must specify the defects, describe the requirements which have not been met and ". . . shall in each case, cite to the provisions of the statute or ordinance relied upon." The solicitor's refusal letter made no mention whatsoever of this alleged defect. Section 508(3) of the MPC, 53 P.S. §10508(3), provides that failure to give such notice ". . . in the manner required . . ." shall be deemed an approval of the application ". . . in terms presented. . . ."

The supervisors also required the appellant either to arrange for an extension of Oaklyn Avenue to the next public road or to construct a cul-de-sac on his property. We agree with the court below that as a general proposition the requirement of a cul-de-sac at dead-end streets is entirely reasonable. However, it appears not to have been a requirement of the township's land subdivision ordinance. The solicitor's letter cites no provision to this effect. By Section 503 of Article V of the MPC, 53 P.S. §10503, the Legislature has

granted comprehensive powers to municipalities in the establishment by ordinance of standards for subdivitions. Subsection (2) authorizes provisions for ensuring that streets shall be in such locations as deemed necessary to accommodate prospective traffic and facilitate fire protection, and subsection (3) authorizes provisions fixing the standards by which streets shall be improved and installed as a condition precedent to the final approval of plots. This legislative delegation, in our view, dictates that requirements for public improvements, certainly including items as substantial as cul-de-sacs, if desired by the municipality, shall be made a part of its land subdivision ordinance. The Legislature intended and the law requires the establishment of standards which operate uniformly. The contention of the township that its supervisors may determine on a case by case basis whether and in what circumstances a cul-de-sac shall be provided lays claim to an authority which would be unlawful, if given.[1] *Holgate Brothers Co. v. Bashore,* 331 Pa. 255, 200 A. 672 (1938); *Archbishop O'Hara's Appeal,* 389 Pa. 35, 131 A. 2d 587 (1957). If, therefore, the land subdivision ordinance of Lower Providence Township contained no requirement of cul-de-sacs, the failure of appellant's plans to provide such was not a valid ground for disapproval. This is not to say that supervisors have no discretion to require variations in their requirements in particular circumstances where demanded by health, safety and the general welfare. They may not, however, lawfully hold in reserve unpublished requirements capable of general application for occasional use as they deem desirable.

---

[1] The Land Subdivision Ordinances we have encountered condition the requirement of a cul-de-sac upon the length of the proposed dead-end road.

Lastly, it appears from this record that the appellant constructed a 27 feet wide paved cartway prior to obtaining approval of its subdivision. This action was probably unlawful under Section 507, Article V of the MPC, 53 P.S. §10507, and provided ample justification for the supervisors' action in not accepting the appellant's oral assurances concerning the right of way. It should also indicate insistence by the township upon strict and precedent compliance with its ordinances in the consideration of a new application.

Affirmed.