Nicholas Sclufer *v.* Plymouth Township, Appellant.

Argued October 7, 1977, before Judges CRUMLISH, JR. and WILKINSON, JR., sitting as a panel of two.

*Arthur Lefkoe,* with him, of counsel, *Wisler, Pearlstine, Talone, Craig & Garrity,* for appellant.

*Anthony Scirica,* with him *Joseph J. McGrory,* and, of counsel, *McGrory, Scirica, Wentz & Fernandez,* for appellee.

OPINION BY JUDGE WILKINSON, JR., November 16, 1977:

This is an appeal from the order of the Montgomery County Court of Common Pleas reversing the disapproval of appellee's preliminary subdivision plan by appellant's Board of Commissioners (Board) and remanding the matter to the Board for the purpose of determining what, if any, safety measures are required regarding two water retention basins (proposed in the plan) and the imposition of proper conditions as to them. We affirm the court below.

Appellee's revised subdivision plan was referred to appellant's planning commission (Commission) in July 1974, following the Board's disapproval of a pre-

vious plan.[1]  The revised plan calls for the development of a 22-acre tract, traversed by two streams, into 52 single-unit residential lots.  The most controversial aspect of the plan is its provision for the two odd-shaped retention basins, which are designed to retain the increased water runoff during unusually heavy rainfall and discharge it gradually into the streams.  The basins are to be a maximum of seven feet deep, which, according to the testimony of appellee's engineer, is sufficient to contain the anticipated runoff in a 100-year storm (with a freeboard of two feet) and to permit the discharge of that runoff within a maximum of a few hours.  The basins are to be located in the rear yards of several lots and may cut the usable depth of such rear yards to approximately 25 feet.

At a hearing before the Board in January 1975, appellee's engineer testified that all changes necessary to conform the revised plan to the applicable ordinances had been made.[2]  Appellant's engineer then offered his report, which incorporated reports from the Department of Environmental Resources, the Montgomery County Planning Commission, the Soil Conservation Service, and appellant's planning agency and sewer authority.  The report recommended that the plan be revised to provide development of fewer lots, because of "technical deficiencies in the plan that are not detailed in our Subdivision Ordinance," such as "poor planning" and "overdevelopment."  The Board then voted unanimously to deny the applica-

---

[1] The Board's decision was sustained by an order of the Montgomery County Court of Common Pleas, dated April 30, 1974, by which appellee herein was permitted to submit a revised plan without prejudice.

[2] At hearing, appellant's solicitor had offered his opinion that such changes were "basically minimal" and did not require submission of a new application.

tion for subdivision. In its letter of notification to appellee, the Board cited two provisions of appellant's subdivision ordinance relating to the health, safety, morals and general welfare of the community and stated that the plan was in violation thereof. On appeal, the common pleas court, sitting en banc, ruled that the Board had failed to show that the plan would violate a local ordinance or threaten health, welfare, safety or morals and had also failed to meet the standards of specificity required of such denials by Section 508(2) of the Pennsylvania Municipalities Planning Code, Act of July 31, 1968, P.L. 805, *as amended*, 53 P.S. §10508(2). The court, therefore, reversed the Board and remanded for determination of required safety measures regarding the retention basins. This appeal followed.

Appellant admits, as it must, that the plan, as revised, complies with all applicable zoning and subdivision codes. Thus we are bound to affirm the court below. As we have repeatedly held it is "an error of law for the governing body to reject a subdivision plan in the absence of findings that the plan violated any applicable statute or ordinance." *Swinehart v. Upper Pottsgrove Township*, 23 Pa. Commonwealth Ct. 282, 284, 351 A.2d 702, 703 (1976). We find no error in the decision below that the testimony as to the potential danger to health, safety and welfare was insufficient to support the Board's decision, especially in view of the court's remand for a determination as to safety provisions regarding the retention basins. Nor can we find error in the court's ruling that the ordinance provisions relied upon by the Board were merely general provisions and did not satisfy the requirements of Section 508(2).

Appellant argues, nonetheless, that the Board's denial was proper under the theory that the Board has discretion, in particular circumstances, to require vari-

ations in the requirements of its subdivision ordinances. We cannot agree. In *County Builders, Inc. v. Lower Providence Township*, 5 Pa. Commonwealth Ct. 1, 287 A.2d 849 (1972), cited by appellant as authority for its proposition, we said, through Judge ROGERS, that such a board "may not, however, lawfully hold in reserve unpublished requirements capable of general application for occasional use as [it] deem[s] desirable." *Id.* at 7, 287 A.2d at 852. Examining the record as a whole, we find the Board's denial in this case to have been based upon such unpublished, general requirements.

Accordingly, we will enter the following

ORDER

Now, November 16, 1977, the order of the Montgomery County Court of Common Pleas, in Zoning Appeal No. 75-02289, dated June 11, 1976, reversing the disapproval of the preliminary subdivision plan of appellee Nicholas Sclufer by the Plymouth Township Board of Commissioners, approving the plan, and remanding the matter to the Board for the sole purpose of determining what, if any, safety measures are required regarding the water retention basins and imposition of proper conditions as to the same, is hereby affirmed.