589 A.2d 266

Robert K. BALLARD and Patricia A. Ballard, h/w, Carl Bergen and Barbra A. Bergen, his wife, Mabel Bergen, Anthony B. Bomba, Michael D. Breslin and Kathleen Breslin, his wife, Gary W. Brothers and Martha H. Brothers, his wife, John Cardello and Jo Ann Cardello, his wife, Frederic Carhart and Michelle Carhart, his wife, Howard J. Carlson and Doris R. Carlson, his wife, Bruno Carti and Vivian Carti, his wife, Andrew P. Damiter and Anita L. Damiter, his wife, Paul Graziano and Antoinette Graziano, his wife, Ronald J. Hughes and Cynthia L. Hughes, his wife, Otto A. Mills, III, and Royale A. Mills, his wife, Albert Natale and Flora Natale, his wife, Carmen N. Pagano and Alice Pagano, his wife, Robert Rubino and Gloria Rubino, his wife, individually, and as Members of Sunnybrook Propertyowners Preservation Association, an Unincorporated Association, Appellants,

v.

David HEPPE and Vickie Heppe, his
wife, and Marcella B. Souls.

Superior Court of Pennsylvania.

Argued March 12, 1991.

Filed April 17, 1991.

Steven E. Krawitz, East Stroudsburg, for appellants.

Joseph P. McDonald, Jr., Allentown, for appellees.

Before MONTEMURO, JOHNSON and HESTER, JJ.

OPINION PER CURIAM:

Appellants, who are owners of property in the Sunnybrook subdivision in Chestnuthill Township and members of an unincorporated association, appeal the August 10, 1990 order of the Monroe County Court of Common Pleas which denied their request for an injunction. They seek to prevent appellees, David and Vickie Heppe and Marcella Souls, from subdividing their property and building homes on the newly-created lots. Appellee property owners obtained approval for their subdivisions from the Chestnuthill Township Board of Supervisors on the recommendation of the Township Planning Commission. Thereafter, David and Vickie Heppe began laying the foundation for a new house on the subdivided portion of their property. Appellants then petitioned for injunctive relief. After hearing testimony and considering briefs on the matter, the court denied the requested relief. Subsequently, the trial court entered an order certifying the case for immediate appeal. We reverse.

The record reveals the following. A recorded plan of the subdivision was filed on September 12, 1972, and included the following covenants:

Use of the land is restricted to a single family dwelling and further subdivision of the land is prohibited unless approval of the commission is first obtained.

Total number of lots this section = 25.

Minimum Lot size = 3 acres or more.

Total area of lots = 80.77 acres.

Although these covenants were not set forth specifically in appellees' deeds, various conveyances were made pursuant to the conditions and restrictions of the recorded subdivision plan. That appellees had knowledge of the restrictive covenants is established by language referring to them in their deeds and by the fact that the planning board originally rejected their subdivision application for failure to attach copies of them.

The subdivision governed by the covenants was intended to be rural in character. No existing lot was greater than six acres in size so that further subdivision presumably would result in lots of less than the minimum three acres. Appellees each owned slightly more than three acres. At issue is the legal effect of the covenant stating "minimum lot size—three acres or more" and whether the approval by the township supervisors was effective to permit the proposed subdivision.

Appellants argue that the trial court erred in finding any ambiguity arising between the requirement for a minimum of three acres per lot and the mechanism of permitting further subdivision upon approval of the "commission." In their view, the minimum-lot-size covenant is a continuing enforceable restriction on subdivisions as long as it is unambiguous and not merely descriptive of the existing lots. Appellants further argue that even if such an ambiguity were extant, it would not be fatal to enforcement of the covenants since reference still should be made to the intent behind the plan and the surrounding circumstances. *See Clancy v. Recker,* 455 Pa. 452, 316 A.2d 898 (1974) (reference to a plan of lots may clarify the meaning of a restrictive covenant). They contend that the clear purpose of the plan was to enhance the rural aspect of the subdivi-

sion upon which the purchasers relied. Finally, appellants contend that the Monroe County Planning Commission was the only commission in existence when the plan was recorded, and consequently, it, rather than the Chestnuthill Township Board of Supervisors, was the body intended to consider a proposed subdivision. Accordingly, they assert that the approval obtained by appellees was not effective.

Appellees argue that there is a latent ambiguity between the requirement that lots be at least three acres and the provision for further subdivisions that could result in lots smaller than three acres since no original lot was greater than six acres. In their view, this can mean only that the original plan contemplated authority to approve further subdivisions smaller than three acres and that this authority was delegated to the "commission." They resolve any ambiguity between the two covenants by viewing the three acre minimum requirement as merely descriptive of the original properties. They also rely on the general principle that all doubts and ambiguities are resolved in favor of the property owner seeking the free use of his property. *Covey v. Gross*, 377 Pa.Super. 580, 547 A.2d 1214 (1988).

It is clear that the parties agree that these covenants, if found unambiguous, may be considered both continuing and enforceable. *See Grasso v. Thimons*, 384 Pa.Super. 593, 559 A.2d 925 (1989) (restrictive covenants, although strictly construed, legally are enforceable if unambiguous). Thus, we address the question of whether any ambiguity arises from the interaction of the covenant provision requiring lots of at least three acres and the provision permitting further subdivision upon obtaining approval from the "commission."

 Contrary to the trial court, we find that the three acre minimum lot size restriction is unambiguous. Our review of the record reveals that this covenant was central to the subdivision plan and specifically was relied upon by all the purchasers of property in the plan. Thus, we regard the three acre minimum as an enforceable covenant against any future subdivisions and not merely descriptive of the

original lots. The provision for "commission" approval of further subdivisions clearly provides only a procedure whereby a property owner may seek relief from the three-acre minimum for limited purposes. However, that provision neither negates the restriction nor renders it ambiguous. We will not extend the language by implication or enlarge the meaning of terms beyond what is expressed but confine them to the intent of the parties. *Young v. Cerone*, 338 Pa.Super. 280, 487 A.2d 965 (1985) (covenants must be read in light of the subject matter, the purpose of the parties and conditions when executed). Accordingly, we perceive no ambiguity that imperils either covenant.

We view the reference to the commission as relating to the county planning commission, which was the only approving authority extant when the plan was recorded. There is no evidence in the record that the Chestnuthill Township Board of Supervisors ever was substituted for the county planning commission as the approval authority for "Subdivision & Land Development" under the Municipalities Planning Code, 53 P.S. § 10101 et seq., as provided for therein. Therefore, the Monroe County Planning Commission, as opposed to the township supervisors, possessed the power delineated in the subdivision plan to approve either amendment or alteration of subdivision and zoning requirements. Thus, the approval of the Chestnuthill Township Board of Supervisors will not support the modification of the three acre minimum lot covenant.

Since we find that the covenant language is not ambiguous, and there is no evidence that the Chestnuthill Board of Township Supervisors possessed the authority to grant an exception to it, we conclude that the trial court erred in refusing to enforce the three-acre covenant with an injunction that prevents appellees from proceeding with construction on their purported subdivisions. As this covenant runs with the land, and no exceptions to that provision have been properly granted, it specifically is enforceable. *Philadel-*

*phia Fresh Food Terminal Corp. v. M. Levin & Co.,* 239 Pa.Super. 287, 361 A.2d 886 (1976).

Order reversed. Jurisdiction relinquished.