635 A.2d 657

**DOYLESTOWN TOWNSHIP and Robert P. Hoopes and Raymond Schaaf, t/a Hoopes–Schaaf Associates,**

v.

**Robert S. TEELING, Appellant.**

Commonwealth Court of Pennsylvania.

Argued Oct. 4, 1993.

Decided Dec. 6, 1993.

Reargument Denied Feb. 11, 1994.

398

400

William E. Benner, for appellant.

John P. Koopman, for appellees.

Before PALLADINO and FRIEDMAN, JJ., and SILVESTRI, Senior Judge.

FRIEDMAN, Judge.

Robert S. Teeling (Teeling) appeals an order of the Court of Common Pleas of Bucks County which enjoined him from resubdividing lot No. 4 of the Hoopes–Schaaf Associates subdivision based upon a notation restricting further subdivision contained in the final recorded plan.

The background of this case follows. In June of 1986, Robert T. and Theresa M. Hoopes (Hoopes), and Raymond and Theresa Schaaf (Schaaf) (collectively, the subdivider) entered into an· agreement of sale with Pebble Hill Village for

the purchase of approximately 48 acres of land. As the equitable owner of the property, the subdivider filed an application with Doylestown Township (township) to subdivide the property into five separate lots. Lots 1, 2, 3 and 4 were each to contain over 10 acres. Because the subdivision plan did not comply with several township subdivision ordinance requirements concerning cul-de-sac length, street width, curb, sidewalks, street trees and buffer requirements, the subdivider requested waiver of these requirements, asserting that the proposed large rural lots would not require such extensive improvements. Waiver of the requirements was estimated to save the subdivider $45,820.00. Because of the rural nature of the subdivision, the township was willing to consider the waivers if the property were not to be further subdivided.[1] The subdivider agreed to a condition prohibiting further subdivision of lots 1, 2, 3 and 4 and the subdivision plan containing this condition was executed by Hoopes–Schaaf Associates and Doylestown Township and recorded with the restriction on re-subdivision plainly visible on the face of the plan. (R.R. at 323a.)

Pebble Hill Village directly conveyed lots 1, 2 and 4 to Schaaf, Hoopes and Teeling, respectively.[2] Each deed contained a specific reference to the fact that the lots were being conveyed pursuant to the recorded subdivision plan by which the lots had been created. Note 8 on the recorded subdivision plan provides as follows:

> Lot [sic] # 1, # 2, # 3 and # 4 are to be developed as rural residences under and subject to the exemptions as granted by the Bucks County Department of Health for parcels containing more than 10 acres and *will be deed restricted to prohibit any further subdivision.*

(R.R. at 102a, emphasis added.) In addition, this restriction prohibiting further subdivision was referred to in the title

1. As ultimately agreed, this restriction did not apply to lot 5 which could be divided one more time.

2. Direct conveyance to the lot purchasers avoided double transfer taxes.

insurance policy of each of the grantees.[3]

Teeling subsequently applied to the township to resubdivide his ten (10) acre parcel in the Hoopes–Schaaf Associates subdivision into four (4) residential lots each of which conformed to the area requirements of the township zoning ordinance. The township denied the request, citing the restriction on further subdivision. Teeling appealed to the trial court which reversed the denial. We agreed, holding that a deemed approval had occurred because the township had failed to comply with section 508 of the Pennsylvania Municipalities Planning Code, Act of July 31, 1968, P.L. 805, *as amended,* 53 P.S. §§ 10508 (MPC), which requires that subdivision application denials specify the defects in the application, the requirements not met and cite to provisions of the statute and ordinance upon which the denial was based. Conditions attached to a final approved subdivision plan are not statute or ordinance provisions and thus by themselves cannot provide the basis for rejecting a subsequent subdivision application. *Board of Commissioners of Lower Merion Township v. Haslett,* 69 Pa.Commonwealth Ct. 1, 450 A.2d 298 (1982).

Schaaf, Hoopes and the township then brought the instant equity action to enjoin Teeling from violating the restriction on further subdivision. The trial court ordered enforcement of the restrictive condition on the bases (1) that the Township could enforce the condition restricting further subdivision in equity and (2) that the condition constituted a restrictive covenant running with the land which bound all subsequent grantees of the land and could be enforced by Hoopes and Schaaf as owners of other lots in the subdivision.

On appeal to this court,[4] Teeling argues that the condition restricting further subdivision is void as against

---

3. Schedule B of the Title Insurance Policy states: "This policy does not insure against loss or damage by reason of the following: ... 4. ... lot restricted from further subdivision." (Record at P–16.)

4. Our scope of review in equity matters is limited. The chancellor's (trial court) determination must not be disturbed on appeal unless it is not supported by substantial evidence, an error of law has been com-

public policy and that it is not a covenant running with the land and is not enforceable.[5]   We disagree.

Pursuant to the MPC, conditions may be attached to a subdivision approval.[6]   However, the municipality may approve subdivision plans subject to conditions only if the conditions are accepted by the applicant.   *Bonner v. Upper Make-field Township*, 142 Pa.Commonwealth Ct. 205, 597 A.2d 196 (1991) *rehearing denied.*   Here, the township waived certain of its subdivision ordinance requirements in reliance upon the subdivider's acceptance of conditions restricting further subdi-

mitted or the chancellor has abused his discretion.   *Babin v. City of Lancaster*, 89 Pa.Commonwealth Ct. 527, 493 A.2d 141 (1985).

5.   Teeling also argues that the doctrines of res judicata or collateral estoppel prevent enforcement of the covenants.   With regard to collateral estoppel, our supreme court has stated:

Collateral estoppel applies if (1) the issue decided in the prior case is identical to the one presented in the later case;  (2) there was a final judgment on the merits;  (3) the party against whom the plea is asserted was a party or in privity with the party in the prior case;  (4) the party or the person privy to the party against whom the doctrine is asserted had a full and fair opportunity to litigate the issue in the prior proceeding and (5) the determination in the prior proceeding was essential to the judgment.

*City of Pittsburgh v. Zoning Board of Adjustment of the City of Pittsburgh*, 522 Pa. 44, 55, 559 A.2d 896, 901 (1989).   Res judicata requires even greater identities than does collateral estoppel.   Because there is not an identity of issues between this case and the subdivision plan denial, the claims of res judicata and collateral estoppel fail.

6.   We note the distinction between conditions attached to a subdivision approval and conditions attached to a rezoning.   A rezoning is a legislative act which in Pennsylvania cannot be conditioned upon an agreement between the public entity and the private property owner.   *Carlino v. Whitpain Investors*, 499 Pa. 498, 453 A.2d 1385 (1982).   "Zoning is an exercise of the police power to serve the common good and general welfare.   It is elementary that the legislative function may not be surrendered or curtailed by bargain or its exercise controlled by the considerations which enter into the law of contracts."   *Id.* at 504, 453 A.2d at 1388, quoting *V.F. Zahodiakin Engineering Corp. v. Zoning Board of Adjustment*, 8 N.J. 386, 394–395, 86 A.2d 127, 131 (1952).   On the other hand, the MPC specifically permits the imposition of agreed-upon conditions on subdivision approvals where the municipality acts in a non-legislative administrative or quasi-judicial capacity.   "When dealing with matters which are properly treated as involving a review of a particular application, the body charged with reviewing the matter may impose proper conditions on the approval. . . ."   Ryan, *Pennsylvania Zoning Law and Practice*, 3.2.5 (supplement).

vision. The subdivider's failure to object to those conditions constitutes a waiver of the right to seek review. *Id.* Because the subdivider agreed to the notation restricting further subdivision, that restriction, which runs with the land, is binding upon all subsequent purchasers.[7] *Id.* Thus, Teeling, a subsequent purchaser of the property, cannot now challenge the propriety of the conditions imposed as part of the original subdivision process.

This analysis leads us to the question of how such conditions are to be enforced. Our cases have implied that conditions attached to an approved subdivision plan may be enforced by actions in equity. In *Haslett*, we held that "a subdivision plan may be denied *only* for a violation of any applicable statute or ordinance and that the provision not complied with must be cited." *Id.*, 69 Pa.Commonwealth Ct. at 5, 450 A.2d at 300. However, although we expressed neither agreement nor disagreement with the proposition, we also noted the appellee's contention that the municipality and any affected third parties had the option of enforcing the subdivision agreement in a separate action. *Id.* at 6 n. 6, 450 A.2d at 300 n. 6. Subsequent to *Haslett*, Pennsylvania courts have determined that municipalities may seek equitable relief to restrain violation of conditions attached to the grant of a variance or of a special exception. *Shohola Township Board of Supervisors v. Bishop*, 279 Pa.Superior Ct. 313, 421 A.2d 215 (1980) (conditions attached to grant of a variance); *Babin v. City of Lancaster*, 89 Pa.Commonwealth Ct. 527, 493 A.2d 141 (1985) (specifically stating that the municipality's authority to seek equitable relief extends to restraining noncompliance with conditions attached to the grant of a special exception). *Babin* refers to section 61 of the MPC, 53 P.S. § 10617, which states that the municipality may institute appropriate actions to restrain violations of a zoning ordinance. Article V of the MPC, concerning subdivision and land development, contains a

7. The subdivider has the right to accept or reject the conditions. If rejection of the conditions results in denial of subdivision plan approval, the subdivider must appeal that denial within the statutorily prescribed time period. *Bonner.*

comparable section. Section 515.1 of the MPC, 53 P.S. 10515.1, added by the 1988 amendments, authorizes municipalities to seek equitable relief to restrain violations of subdivision approvals. Applying these provisions of the MPC and *Babin* and *Shohola* to the situation here, we conclude that a municipality may sue in equity to enjoin violation of a condition attached to a subdivision approval. This result is even more compelling in a subdivision case than in the variance and special exception cases because the subdivider has agreed to the condition. In this case, that agreement was memorialized on a recorded document. Thus, Doylestown Township may enforce the condition found in Note 8 of the Hoopes–Schaaf subdivision plan through this equitable action.

An equity court's conclusions based upon the underlying facts and not involving determinations of the credibility of witnesses are reviewable on appeal. *Gey v. Beck*, 390 Pa.Superior Ct. 317, 568 A.2d 672 (1990). Here, the trial court concluded that the condition restricting further subdivision constituted a restrictive covenant running with the land enforceable by Hoopes and Schaaf. Upon review, we agree with the trial court. Therefore, a second basis for our decision is that Hoopes and Schaaf, as property owners in the subdivision, may enforce the condition.

A restrictive covenant is a restriction in an instrument relating to real estate by which the parties pledge that something will not be done. *Black's Law Dictionary*, 5th Edition, 1979 at 329, 1182. Restrictive covenants have limited the use of property, *Rieck v. Virginia Manor Co.*, 251 Pa.Superior Ct. 59, 380 A.2d 375 (1977), have restricted access to certain roads, *Bonner*, and have imposed limits on re-subdivision, *Ballard v. Heppe*, 403 Pa.Superior Ct. 441, 589 A.2d 266, *appeal denied*, 529 Pa. 630, 600 A.2d 950 (1991). Such covenants are "said to run with the land, when not only the original parties or their representatives, but each successive owner of the land, will be entitled to its benefit, or be liable (as the case may be) to its obligation." *Black's Law Dictionary*, 5th Edition, 1979 at 329. Although restrictive covenants are

not favored by the law and are strictly construed against those seeking to enforce them, they are legally enforceable. Restrictive covenants are construed in light of the subject matter, the intent or purpose of the parties and the conditions surrounding execution of the covenant, *Gey,* and conditions contained in a recorded subdivision plan are enforceable even if the conditions are not specifically set forth in the deeds conveying the lots created by the subdivision, *Ballard.*

The covenant here was intended to restrict further subdivision of the property by subsequent purchasers. Although the covenant was not specifically incorporated in his deed, Teeling had notice of the restriction through both the recorded subdivision plan and the title insurance report. One seeking release from a covenant has the burden of proving that the original intention and purpose of the restriction has been altered or destroyed by changed conditions. *Rieck.* Here, the covenant is of recent vintage and the intent of the restrictions has not been materially altered or destroyed by changed conditions. Thus, other property owners in the subdivision may bring actions in equity to enforce the restrictions.

Accordingly, because the Township may enforce the conditions attached to the subdivision plan as part of the subdivision approval process and because those conditions constitute restrictive covenants running with the land which may be enforced in an equity action by owners of other lots in the subdivision, we affirm.

## ORDER

AND NOW, this 6th day of December, 1993, the order of the Court of Common Pleas of Bucks County, dated March 24, 1993, is affirmed.

SILVESTRI, Senior Judge, dissenting.

The majority's recitation of the background of this case includes the fact that in June of 1986 Hoopes and Schaaf entered into an agreement with Pebble Hill Village for the purchase of approximately 48 acres of land, that the Township

waived subdivision ordinance requirements in exchange for Hoopes and Schaaf's agreement not to further subdivide the property, that Pebble Hill Village conveyed land to Teeling, and that Teeling subsequently requested Township approval of a further subdivision of the land contrary to the restriction prohibiting further subdivision. The majority then references the procedural posture of the case which is as follows.

On June 21, 1988, the Township withheld approval of Teeling's proposed subdivision plan. From that denial, Teeling initiated a Land Use Appeal to the trial court which entered an order sustaining Teeling's appeal. The Township appealed the order of the trial court to this court.

In an unreported opinion of this court, authored by Senior Judge Barbieri, we affirmed the order of the trial court on the basis of the Township's noncompliance with Section 508 of the Pennsylvania Municipalities Planning Code (Code), 53 P.S. § 10508. Section 508 governs applications for approval of preliminary and final subdivision plans and requires a Township to specify the defects found in the application, describe the requirements which have not been met, and cite to provisions of the statute or ordinance relied upon when denying a subdivision plan. 53 P.S. § 10508(2). Failure of the Township to comply with these specific requirements for denial is deemed an approval of the subdivision plan. 53 P.S. § 10508(3).

The opinion determined that the Code clearly requires reference to provisions of a statute or ordinance and cited this court's decision in *Board of Commissioners of Lower Merion Township v. Haslett,* 69 Pa.Commonwealth Ct. 1, 450 A.2d 298 (1982) which provides that "Section 508(2) of the MPC (Code) clearly sets forth that a subdivision plan may be denied *only* for a violation of any applicable statute or ordinance and that the provision not complied with must be cited." Concluding that the Township's failure to comply with the Code deemed Teeling's plan approved, we affirmed the determination of the trial court.

Now presented with the same determination, namely whether the condition restricting further subdivision is valid, the majority finds otherwise and now affirms the decision of the trial court in the equity action instituted by the Township and concludes that Teeling may not subdivide the land because the Township may enforce the condition attached to the subdivision plan prohibiting further subdivision.

Because I feel that the issue has already been dispositively decided, I would reverse, and thus, dissent.

It has previously been determined that, absent the most compelling circumstances, a judge should follow the decision of a colleague on the same court when based upon the same set of facts. *Yudacufski v. Department of Transportation,* 499 Pa. 605, 454 A.2d 923 (1982). I recognize that the prior determination is an unreported panel decision, however, I believe this court should be obligated to follow its own decisions until subsequently overruled or until compelling reasons persuade us otherwise. See *Armstrong County v. Workmen's Compensation Appeal Board (Ross and Borough of Kittanning),* 81 Pa.Commonwealth Ct. 474, 473 A.2d 755 (1984).

It is for this reason that I respectfully dissent.[1]

---

1. I also disagree with the majority's determination that the restriction prohibiting further subdivision is a covenant running with the land. In construing the intent of the parties to determine whether a restrictive covenant runs with the land, it must appear from the terms of the grant, or from the situation of the parties and the surrounding circumstances, that it was the intention of the original grantor to create a servitude which would inure to the benefit of the land and be for the benefit of the party attempting to restrain its infringement. *Leh v. Burke,* 231 Pa.Superior Ct. 98, 331 A.2d 755 (1974).

A covenant is distinguished from a condition in that a condition is created by the mutual agreement of the parties and is binding on both, whereas a covenant is in the words, and is a promise or an agreement of the covenantor only. I view the prohibitive restriction on further subdivision as an agreement between the Township and Hoopes and Schaaf rather than a covenant running with the land which requires clear and explicit language to impose such a restriction. *See Appeal of J.C. Grille, Inc.,* 181 Pa.Superior Ct. 456, 124 A.2d 659 (1956).