J-A14003-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| JOHN PAGNONI AND CARMEN M. PAGNONI | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | No. 2452 EDA 2023 |
| EDGMONT TOWNSHIP | : | |

Appeal from the Judgment Entered July 14, 2023
In the Court of Common Pleas of Delaware County Civil Division at
No(s):  CV-2019-010518

BEFORE:  LAZARUS, P.J., STABILE, J., and LANE, J.

MEMORANDUM BY LAZARUS, P.J.:                    **FILED SEPTEMBER 26, 2024**

John Pagnoni and Carmen M. Pagnoni (Plaintiffs) appeal from the judgment entered in the Court of Common Pleas of Delaware County.  We affirm on the trial court opinion authored by the Honorable Spiros E. Angelos.

Plaintiffs are owners of a four-acre lot in Edgmont Township (the Township), Delaware County, part of the Heather Hills Farm Development. The developers reached an agreement with the Township (First Subdivision Agreement), providing that only one family dwelling unit be erected on each four-acre parcel and that the setback line from any street shall be a minimum of seventy-five feet.  The agreement provided that a deed restriction be placed on the properties in Heather Hills Farm, requiring a minimum of four acres of land for each dwelling unit and a setback of 75 feet.

On December 17, 2019, Plaintiffs filed a declaratory judgment action, claiming the deed restriction was vague and seeking the court's determination that there was no restriction of record preventing them from subdividing their four-acre parcel into two two-acre parcels. Edgmont Township opposed declaratory relief.[1]

By way of background, on March 6, 1973, the Edgmont Township Board of Supervisors approved the Heather Hills Farm subdivision plan subject to the agreement and restrictions. On March 31, 1973, the agreement was recorded in the Delaware County Office of the Recorder of Deeds.

On August 3, 1973, the Heather Hills Farm Subdivision Plan was recorded in the Delaware County Office of the Recorder of Deeds. On August 4, 1973, the Township entered into another agreement with the developers (Second Subdivision Agreement), whereby a deed restriction was placed on all Heather Hills Farm subdivisions, requiring a minimum of four acres of land for each dwelling and a 75-foot setback. The Second Subdivision Agreement was recorded on September 10, 1973. Both the first and second agreements required that restriction on the conveyance of all lots in Heather Hills Farm.

Plaintiffs' property, identified as Lot 12 during development, was first purchased by Thomas and Eleanor Gillespie; the deed conveying Lot 12 to the Gillespies contained the following restriction:

_____

[1] Two of Plaintiffs' neighbors, Francis Gentile and Robert Gentile, intervened to oppose declaratory relief.

[] under and subject, nevertheless, to the following restrictions and conditions, to wit – (1) that only one family dwelling unit will be erected on the above[-]described parcel of land; (2) that the setback line from any street shall be a minimum of 75 feet.

*See* Exhibit 6, Deed, 11/28/73. The "above-described parcel of land" was described in the deed as 4.0 acres of land. *Id.*

On December 5, 1975, the Gillespies sold the property to David and Joanne Kelley; the Gillespie-Kelley deed stated that the transfer is "under and subject to certain restrictions as of record." *See* Exhibit 10, Deed, 12/5/75. On January 25, 1984, the Plaintiffs purchased the property from the Kelleys; the deed stated that the transfer is under and subject to restrictions of record. *See* Exhibit 1, Deed, 1/25/84.

Plaintiff John Pagnoni testified that he was aware of the one dwelling per four-acre restriction on his property, *see* N.T. Non-Jury Trial, 1/11/23, at 40. Plaintiffs both testified that they had read their own deed. *Id.* at 36, 49, 96.[2]

Following a non-jury trial on January 11, 2023, Judge Angelos entered findings of fact and conclusions of law, determined the language of the deed restriction was not ambiguous and that Plaintiffs' property was subject to the deed restriction, and denied Plaintiffs' request for declaratory relief. Plaintiffs filed a motion for post-trial relief, which the court denied. Plaintiffs filed a praecipe for judgment, which was entered on July 14, 2023. Plaintiffs filed

_____

[2] Plaintiff John Pagnoni also acknowledged that in 1991 he joined in a lawsuit against the owners of Lot 10 to enforce the one dwelling per four-acre parcel restriction. *See* N.T. Non-Jury Trial, *supra* at 42-47.

this timely appeal on July 17, 2023. The Plaintiffs and the trial court complied with Pa.R.A.P. 1925.

Plaintiffs raise two issues:

1. Where restrictive covenants in deeds are not favored by law and are to be strictly construed, and where a deed does not contain any restriction on subdivision, did the court commit an error of law in finding that a restriction in a deed stating that "only one family dwelling unit will be erected on the above[-]described parcel of land" regarding a parcel that is described as four acres, establishes a limit of dwelling unit per four[-]acre lot, such that the four[-]acre lot containing Plaintiffs' residence may not be subdivided into two[-]acre lots?

2. Where certain subdivision agreements between the Township and the original developer of a subdivision imposed a duty on the developer to create deeds with restrictions limiting dwelling units to lots with a minimum of four acres, but the Township did not enforce that provision, and an individual lot owner is not a successor in interest to the development rights, and where the record subdivision plans do not contain any restrictions, did the trial court commit an error of law in finding that certain agreements and record plans establish a minimum four[-]acre lot size for a dwelling unit?

Appellants' Brief, at 4.

Our standard of review in a declaratory judgment action is narrow. "We review the trial court's decision as we would a decree in equity and set aside factual conclusions only where they are not supported by adequate evidence." **Universal Health Services, Inc. v. Pennsylvania Property and Cas. Ins. Guar. Ass'n**, 884 A.2d 889, 892 (Pa. Super. 2005), citing **O'Brien v. Nationwide Mut. Ins. Co.**, 689 A.2d 254, 257 (Pa. Super. 1997). "We give plenary review, however, to the trial court's legal conclusions." **Id.** In

reviewing a declaratory judgment action, we are limited to determining whether the trial court clearly abused its discretion or committed an error of law. *See Pocono Summit Realty, LLC v. Ahmad Amer*, *LLC*, 52 A.3d 261, 265 (Pa. Super. 2012).

After our review of the record, the parties' briefs, the trial court's opinion in this case, and the applicable law, we find no reason to disturb the judgment entered below. The trial court, noting restrictive covenants are not favored in the law, *see* Trial Court Opinion, 9/25/23, at 4, and disagreeing with the Plaintiffs' argument that the deed restriction was ambiguous, determined the deed restriction was a "clear and unambiguous declaration that the metes and bounds description for each four-acre parcel shall contain only one dwelling." *Id.* at 5. With the foregoing standard of review in mind, we find that the trial court's ruling is supported by the record and free of legal error. Accordingly, we affirm on the basis of Judge Angelos' opinion. *See id.* at 1-6. The parties are directed to attach a copy of that opinion in the event of further proceedings.

Judgment affirmed.

Judgment Entered.

*Benjamin D. Kohler*

Benjamin D. Kohler, Esq.
Prothonotary

Date: 9/26/2024

- 5 -

Filed 10/11/2023 3:17:00 PM Superior Court Eastern District
2152 EDA 2023

# IN THE COURT OF COMMON PLEAS OF DELAWARE COUNTY, PENNSYLVANIA
## CIVIL ACTION – LAW

| | | |
|---|---|---|
| JOHN and CARMAN M. PAGNONI | : | NO. 2019-010518 |
| Plaintiff | : | |
| v. | : | |
| | : | |
| EDGMONT TOWNSHIP | : | |
| Defendant | : | |
| v. | : | |
| | : | |
| FRANCIS A. GENTILE | : | |
| | : | |
| and | : | |
| | : | |
| ROBERT M. GENTILE | : | |
| Intervenors | : | |

**Angelos, J.**                                        **September 25, 2023**

## OPINION

After conducting a non-jury trial pursuant to Pa.R.Civ.P. 1601, this Court entered a Decision/Order on February 23, 2023 which denied the relief requested by Plaintiffs, John and Carman M. Pagnoni's in their Amended Complaint in Declaratory Judgment. This Court's Decision/Order found in favor of Defendant Edgmont Township and Intervenors' Francis A. Gentile and Robert M. Gentile. On June 22, 2023 this Court denied the Pagnonis' Motion for Post-Trial Relief. A timely appeal has followed.

The Amended Complaint requested that this Court declare that the Pagnoni residence at 1443 Heather Hills, Edgmont Township, Delaware County, Pennsylvania, also identified as lot 12 of the Subdivision Plan of Heather Hills Farm, not be subject to a deed restriction limiting individual lots to one single family dwelling and authirizing the subdivision of their property from a four-acre parcel into two separate two-acre parcels each containing a dwelling unit.

1

(Amended Complaint, ¶ 11). The Amended Complaint sought in the alternative that the deed restriction language be declared ambiguous and vague and that it be interpreted in favor of Plaintiffs allowing the subdivision of the Pagnoni property into two lots.

Trial was conducted on January 11, 2023. Plaintiff John Pagnoni testified on his own behalf and his wife Carman M. Pagnoni was called as a rebuttal witness. Defendant Edgmont Township did not present any witnesses. Intervenors Francis A. Gentile and Robert M. Gentile presented the testimony of Gayle Anderson Wennagel and Brian Clauson. Francis A. Gentile also testified on his own behalf. Able counsel for all parties presented fifteen (15) stipulations into the record at the commencement of trial and submitted a joint exhibit list containing twenty-four (24) documents including subdivision agreements, subdivision plans, Edgmont Township Board of Supervisor minutes, Edgmont Township Ordinance 79 (R-1 Provisions), deeds for real estate, and a Delaware County Common Pleas Court pleading from a 1991 lawsuit involving the Heather Hills Farm Subdivision and certain of the parties and witnesses in this matter.

The stipulations of record establish that the original owners of the Heather Hills Farm entered into a subdivision agreement with Edgmont Township on March 31, 1973 and a second subdivision agreement on August 4, 1973. (Stipulations 3 & 5). The twelve (12) lots created in the Heather Hills Farms subdivision each encompass at least four acres of ground and none contain more than one single family dwelling. (Stipulation 7). By Deed dated November 28, 1973, Thomas O. and Eleanor Gillespie purchased lots number seven (7) and twelve (12) directly from the developers. (Exhibit 6). The Deed to the Gillespies contains the metes and bounds description for lots seven and twelve with each lot containing four acres of ground. After the recital clause in the Deed which identifies prior grantor transfers, the encumbrance clause

2

establishes the following: *"UNDER and SUBJECT", nevertheless, to the following restrictions and conditions, to wit;*

*(1) That only one family dwelling unit will be created on the above described parcel of land,*

*(2) That the setback line from any street shall be a minimum of 75 feet."*

On December 5, 1975 the Gillespies conveyed lot twelve (12) by Deed to David W. Kelley, Jr. and Joanne M. Kelley, his wife. (Exhibit 10). The Kelley's transferred the real estate to the Plaintiffs herein, John and Carman Pagnoni on January 25, 1984. (Exhibit 13). Francis A. Gentile and Robert M. Gentile are siblings who respectively own lots five (5) and six (6) in the Heather Hills Farm Subdivision. Each of their Deeds originate from their parents purchase of lot five on January 8, 1975 and lot six on January 10, 1975 respectively. (Exhibits 8, 9, 15 & 20).

Gayle Anderson Wennagel testified she bought lot ten (10) of the Heather Hills Farm subdivision in 1984 (Exhibit 14) and lot nine (9) in 1986. Ms. Wennagel stated that she and her husband commenced construction efforts on the existing barn on lot ten in 1991 to convert it into a primary residence. The barn was the only structure located on lot ten (10), however the barn did contain an apartment which was housed a caretaker. Litigation was commenced by many of the other lot owners in the Heather Hills Subdivision in 1991 against Ms. Wennagel to compel the removal of a mobile home she had placed on lot ten during construction. (Exhibit 18). Ms. Wennagel and her spouse intended to reside in the mobile home during the renovation/conversion of the existing barn into their new home. The plaintiffs in that action included the Pagnonis and Gentiles, who through their counsel claimed that the existence of the apartment unit and the mobile home on lot ten constituted a violation of the deed restriction

3

permitting only one dwelling unit per parcel of land. That proceeding was settled by the Wennagels agreeing to remove the mobile unit upon the completion of the barn conversion and eliminate the apartment use.

The March 31, 1973 and August 4, 1973 Subdivision Agreements for Heather Hills Farms with Edgmont Township contained the following terms;

"Owners agree that they will create a Deed Restriction upon the property which is the subject of this Agreement so as to require a set-back of seventy-five feet (75') and a minimum of four (4) acres of land for each dwelling unit. Owners agree that they will submit the proposed form of Deed Restrictions to the Township for their review and approval and thereafter submit to the Township written proof of the recording of said restrictions." (Exhibits 3, 5)

Pursuant to the express terms of the subdivision agreements, this Court found after trial that the developer complied with the Deed Restriction mandate from Edgmont Township by adding the encumbrance clause to each of the twelve lots created within the subdivision. All Deed transfers contained the conditions "(1) That only one family dwelling unit will be erected on the above described parcel of land. (2) That the setback line from any street shall be a minimum of seventy-five feet."

The Pagnonis on appeal complain that this Court erred in its interpretation of the encumbrance clause and that the developer failed to create a valid deed restriction required by the subdivision agreements. The Pagnonis further complain this Court erred in admitting exhibits 1, 2, 3 and 5 which consisted of the two subdivision agreements, the Edgmont Township Board of Supervisor minutes for a January 10. 1971 meeting and a February 2, 1973 correspondence from the developer's counsel to Edgmont Township.

Restricted covenants are not favored by the law and should be strictly construed as they are an interference with an owners free and full enjoyment of his property. *Baumgardner v. Stuckey*, 735 A. 2d 1272 (Pa.Super. 1999). Restricted covenants which restrict the erection or use

4

of buildings or other structures are enforcable. *Reick v. Virginia Manor Company*, 380 A. 2d 375 (Pa.Super. 1977). Townships and other property owners in a subdivision can enforce restrictions against further subdivision when such restrictions are a condition of subdivision approval. *Doylestown Township v. Teeling* 635 A. 2d 657 (Pa.Cmwlth.1993).

After review of the trial testimony, exhibits and the parties proposed findings of fact and conclusions of law, this Court determined that the restriction inserted by the developer into the encumbrance clause of each Deed which stated that "only one family dwelling unit will be erected on the above described parcel of land" is a clear and unambiguous declaration that the metes and bounds description for each four-acre parcel shall contain only one dwelling. All deeds from the developer to the Heather Hills Farm subdivision lot purchasers were dated after subdivision approval and the recording of the subdivision agreements. The encumbrance clause in each deed represents the developer's compliance with the Edgmont Townships mandate that each four acre parcel only contain one dwelling unit. The Pagnonis through counsel attempted to cloud and challenge the language in the deed restriction, however this Court rejected that proposed interpretation. The Pagnonis participated as plaintiffs in the 1991 Delaware County litigation to enforce the encumbrance clause.

The admission of the March 6, 1973 and August 3, 1973 subdivision agreements (Exhibits 2 and 4) into evidence was proper and the relevant language also is contained in the record in this proceeding in in the April 23, 1991 neighbors' proposed findings to the zoning hearing board and the complaint from the 1991 litigation (Exhibits 17 and 18). The subdivision agreements are public records recorded at the Recorder of Deeds for Delaware County and were

relevant to the issues before this Court. The 1973 letter from the developer's counsel and the 1973 Edgmont Township Supervisor meeting minutes were admitted into the record but not utilized by this Court n its decision.

The record in this matter supports the enforcement of the one dwelling per four acre lot. For the foregoing reasons, the Decision/Order of February 23, 2023 should not be disturbed.

**BY THE COURT:**

SPIROS E. ANGELOS, J.

6